This suit involves a collision between a motorcycle owned by the City of Baton Rouge, operated by the plaintiff, a policeman of said city, and an automobile operated by the defendant, Otto Stephens, and owned by his brother, Millard D. Stephens. The collision occurred at the intersection of Government and South Thirteenth Streets in the City of Baton Rouge at about 12:15 A. M., on June 2, 1946.
Plaintiff's petition alleges that the plaintiff was operating his motorcycle at a reasonable rate of speed travelling in an easterly direction on Government Street, which street runs east and west; that the defendant Otto Stephens who was operating the automobile belonging to the defendant Millard D. Stephens, going west on Government Street, made a sudden sharp turn to the left at the intersection in order to enter the south side of South Thirteenth Street, which street runs north and south, and as a result of the said turn to the left went directly into the motorcycle operated by the plaintiff. He alleges that as a result of the sole negligence of defendant he sustained personal injuries, which are detailed in the petition; and sets forth as specific actions of negligence that the defendant Otto Stephens, the driver of the automobile in question failed to give any signal of his intention to make the left turn at the intersection; that he made the left turn at a time when it was not safe to do *Page 155 
so and in violation of traffic regulations; that he was not keeping a proper lookout and as a result failed to see plaintiff's motorcycle which was operating properly and lawfully in its lane of travel; and that he was operating the said automobile while under the influence of intoxicating liquor.
The plaintiff in his petition alleges further that the other defendant, Millard D. Stephens, is liable for the negligence of his brother, Otto Stephens, for the reason that the automobile driven by Otto Stephens was owned by him, Millard D. Stephens, and was being driven on a mission for him; in other words, his claim is based under the doctrine of respondeat superior.
The defendants in their answer denied any negligence on the part of Otto Stephens, and set forth that the accident was caused solely by the negligence of the plaintiff, and particularly that the plaintiff was travelling at an unlawful and excessive speed under the prevailing conditions; that just prior to the accident he was travelling in an easterly direction on Government Street and passed several automobiles and a motor bus, which were stopped at the intersection because of a traffic red light, and that he continued into the intersection without stopping and without keeping a proper lookout or slowing down in any manner in order to maintain his motorcycle under proper and safe control. Assuming the position of plaintiff in reconvention, the defendant Otto Stephens makes demand for the sum of $68.01, representing the damage to his brother's car, for which he paid and for which he received a subrogation from his brother. Alternatively, in the event that the Court should find him guilty of any negligence, which he denies, he interposes the plea that the plaintiff was guilty of negligence which contributed to the accident and which bars his recovery.
The other defendant Millard D. Stephens contends further that the automobile in question was loaned to his brother merely as an act of brotherly love and was not being operated at the time of the accident on any mission even remotely connected with him, and therefore denies any and all liability regardless of the acts of his defendant brother.
The General Casualty Company of America, as compensation insurer of the City of Baton Rouge, the employer of plaintiff, intervened in the suit to recover workmen's compensation in the total sum of $64.45 plus a reasonable attorney's fee, to be paid out of any award granted to the plaintiff.
After trial, the District Judge, for written reasons assigned, granted judgment in favor of plaintiff and against the defendant Otto Stephens in the sum of $380, out of which he awarded the sum of $89.45 to the intervenor. He dismissed plaintiff's suit as against Millard D. Stephens and also dismissed the reconventional demand of Otto Stephens. The defendant Otto Stephens has appealed. Plaintiff has answered the appeal, praying that the award be increased to $750.
It is conceded before this court that the defendant, Millard D. Stephens, the owner of the automobile involved in the collision, is not in any way responsible under the doctrine of respondeat superior; and it is further conceded that in the event of judgment in favor of plaintiff, the intervenor herein is entitled to the award of $89.45 out of such judgment.
It is further conceded that the defendant Otto Stephens expended on behalf of his brother, the other defendant, the sum of $68.01 in having his automobile repaired for the damage sustained in the accident, and that he in turn received an act of subrogation for said sum from the defendant Millard D. Stephens.
The principal questions presented to this court are whether or not the trial judge was correct in finding from the evidence that the accident was proximately caused by the negligence of the defendant Otto Stephens, and if not, whether or not the accident was proximately caused by the negligence of plaintiff, or by the concurrent negligence of both plaintiff and Otto Stephens.
[1] The testimony in this case, contrary to most collision cases, is rather consistent, as stated by the trial judge. However, we cannot agree with him in view of the physical facts as shown by the evidence. It is testified to by defendant Otto Stephens and supported by the evidence that, upon *Page 156 
arriving at the intersection of Thirteenth and Government Streets, he stopped for the red light and that at that time he perceived that a bus and other motor vehicles had stopped at the other side of the intersection for the same reason; that said intersection, insofar as Thirteenth Street is concerned, had a width of some 87 feet; that as the light turned green the defendant, noticing that he had sufficient time to make a left turn in order to enter Thirteenth Street going south ahead of the bus and the traffic in the rear thereof, turned to his left and proceeded some 10 paces, at which point the motorcycle collided with the rear of his car. This defendant admits frankly that he was trying to make his turn in sufficient time to avoid the oncoming traffic from Government Street, and that he was travelling in low gear at a rate of not more than 7 miles per hour, and that he never realized that the motorcycle of plaintiff was proceeding towards him until the collision occurred. It is rather definitely established that at the time of the collision the defendant Otto Stephens' automobile was in the southeast corner of the intersection of Thirteenth Street and Government Street, and lacked only about 2 feet of having crossed the center line of Government Street going south. It is further shown that the bus, which was parked at the southwest corner of the intersection was not within any imminent danger of collision with the Stephens car at the time of this collision.
In other words, from the evidence the only ground for holding defendant Stephens negligent in making this left turn, is that he did not perceive plaintiff's motorcycle in time to prevent being struck by it. We hold the opinion that had his car been hit by the bus, which was readily within view, that there would be a prima facie showing of negligence on his part, but in so far as the motorcycle is concerned, the facts as established by the evidence are quite different. We, of course, are mindful of the rule of law that the driver of a motor vehicle, in making a left hand turn, must be absolutely sure that the road is clear ahead of him and that he can make his turn without delaying traffic going in the opposite direction. In that regard, the regulations of the City of Baton Rouge and of the State are in conformity. In this particular instance, however, it is shown that the defendant Otto Stephens was keeping a proper lookout; that he did perceive the traffic from the other direction; that he did make his turn in ample time to negotiate Thirteenth Street, in view of the wide intersection, and that the motorcycle which ran into him at the time of making his turn, had not arrived at the intersection, but was at that time, when the light turned from green to amber, to red, at a distance of approximately 100 feet from the intersection, all of which offers a reasonable and satisfactory explanation as to why the defendant Otto Stephens failed to perceive this motorcycle which was proceeding to the left of the parked motor vehicles going in an easterly direction on Government Street.
[2] Even the plaintiff himself admits that he passed at least three automobiles and the bus on their left in proceeding along Government Street and that he was travelling at a rate of at least 20 miles per hour. The preponderance of the evidence and the physical facts indicate that he was travelling at a rate considerably above 20 miles per hour and that he made no stop whatsoever when he arrived on the left hand side of the bus at the intersection and continued right on the green light which had changed just prior or at the time that he arrived at the intersection. Plaintiff himself admits that he never perceived the automobile of defendant until he was within five feet thereof and that at that time he applied his brakes, and an eye witness testifies that as he applied his brakes the motorcycle swerved to the right and struck defendant's automobile on the right rear side. This evidence indicates clearly to us that the plaintiff was proceeding at an excessive rate of speed, considering the conditions prevailing, and that he was not keeping a proper lookout and did not have his motorcycle under control. Under these circumstances we must reach the conclusion that plaintiff was guilty of gross negligence and we have reached the further conclusion that his gross negligence was the proximate cause of the accident. *Page 157 
It may be contended that the defendant Otto Stephens was guilty of negligence which contributed to the accident, but as pointed out above it is clearly shown that he took every precaution to make this left turn and that but for the sudden darting into the intersection, without warning, of plaintiff's motorcycle, he would have negotiated the left turn without harm or injury to any one and without any delay to oncoming traffic. In so far as the accusation that he was operating his automobile under the influence of alcoholic beverages, the preponderance of the evidence is to the effect that while he had partaken of some two high balls a considerable time before the accident, he was in a perfectly normal condition at the time of the accident. It is also definitely shown by an eye witness to the accident that Otto Stephens, in making the left turn, gave the proper left hand signal. This fact does not appear to be very material since we feel that the left hand signal was principally for the cars in the rear of the defendant, but it does indicate that he was keeping a proper lookout and that he was attempting to do everything possible to make a safe left turn at this wide intersection. From these facts we have reached the conclusion that the proximate cause of the accident was the negligence of the plaintiff in driving his motorcycle at an excessive speed considering the prevailing conditions in passing motor vehicles to the left thereof and entering a busy and wide intersection without keeping a proper lookout and without having his motorcycle under proper control. We are therefore forced to reverse the judgment below and to render judgment in favor of the defendant Otto Stephens, as plaintiff in reconvention, in the sum of $68.01, his admitted loss as the result of the accident.
For these reasons assigned, it is ordered that the judgment appealed from is avoided, annulled and reversed. It is now ordered that plaintiff's suit and the intervention of the General Casualty Company of America be and the same are hereby dismissed.
It is further ordered and decreed that there be judgment in favor of Otto Stephens, plaintiff in reconvention, and against Harold A. Deffez, defendant in reconvention, in the full sum of Sixty-eight and 01/100 ($68.01) Dollars, with legal interest thereon from judicial demand until paid.
It is further ordered that the General Casualty Company of America pay the costs of its intervention, all other costs to be paid by plaintiff Harold A. Deffez.