Plaintiff appealed from judgment dismissing his suit to recover damages resulting from a collision between his automobile and a trolley car of defendant, in broad daylight, in the intersection of Kings Highway and Southern Avenue, in the City of Shreveport, Louisiana.
Plaintiff was going northerly on Southern Avenue while the trolley was proceeding southerly thereon. Traffic over the area of the intersection is controlled by a semaphore light suspended above the center thereof. When the collision occurred the light facing each vehicle showed green, which, of course, warranted each driver in going forward and each did so. However, plaintiff, after going forward a few feet, undertook a left turn in front of the trolley in furtherance of his desire to gain Kings Highway and continue his trip westerly. His car was struck by the front of the trolley about its left front side and shoved several feet southwesterly. It was demolished and plaintiff was injured. The motorman brought the trolley to a stop within the least possible time and distance.
For a cause of action, plaintiff alleged that the accident happened because of the motorman's negligence in several respects, to-wit:
1. Operating the trolley carelessly and recklessly and driving it at a speed in excess of fifty miles per hour in violation of the law of the City of Shreveport;
2. Failing to maintain proper lookout;
3. Failing to avail himself of the last clear chance to avoid the accident;
4. Inattention to his duty in that he was engaged in talking to passengers about him immediately prior to and at the time of the collision;
5. Lack of control of the trolley;
6. Failing to recognize plaintiff's superior right of way.
Defendant denies all the essential allegations of the petition except those relating to the occurrence of the accident and at the time and place stated. These are admitted. It is charged by defendant that plaintiff's own negligence and imprudence in trying to effect a left turn in front of a moving trolley, when conditions in the intersection were highly unfavorable for such action, in violation of the laws of the city and of the state, was the proximate if not *Page 338 
sole cause of the collision. The lower court sustained this position and gave written reasons to support its judgment.
The decided preponderance of the testimony disproves the charges of inattention to duty of the motorman, his failure to maintain a proper lookout, and excessive speed of the trolley as causes or contributing causes of the collision; in fact, none of the charges of negligence made against him is sustained by adequate proof. The trial judge so held and we fully agree with him.
In passing on the factual issues raised by defendant's answer, the lower court said:
"Plaintiff's own version of the accident precludes his recovery as his own negligence is outstanding: (1) He did not proceed into the intersection to the center to make the turn; had he done so the trolley would have already passed. (2) He did not wait until the left lane was clear of traffic and the law reads as follows:
" 'Motorist in making a left hand turn, must be absolutely sure that the road is clear ahead of him and that he can make his turn without delaying traffic in the opposite direction.' Deffez v. Stephens, La. App., 30 So.2d 154.
"And in another case the Court said:
" 'Left turn of automobile in street should not be undertaken until operator has carefully looked in all directions and satisfied himself that he may turn without jeopardizing others' safety.' Grasser v. Cunningham, La. App., 200 So. 658.
"As stated, plaintiff gives the cause of the accident which is: he thought he was making a left turn when defendant was 150 to 200 feet away, he misjudged the distance and attempted to make the left turn. It was his duty to see that he had plenty of time and distance within which to make the turn, and if he makes a mistake as to the time or distance and is unable to complete the turn, the fault is his and he cannot recover."
Had the trolley been traveling at an excessive and unlawful rate of speed when it entered the intersection a different situation would possibly be presented, but this is not the case. It is fairly well shown that the trolley had pre-empted the intersection, about the time plaintiff undertook a left turn, and ran into the car at about the southern edge of the intersection.
Questions of fact only are involved in this case. After a careful reading of the record we have no hesitancy in concluding that the lower court correctly resolved the same and applied the pertinent law thereto. And for this reason, and other reasons herein assigned, the judgment appealed from is affirmed with costs.
KENNON, J., absent.