AYRES, Judge.
This action was instituted by plaintiff against the liability insurer of James A. Stinson to recover damages to his Lincoln automobile as a result of a collision between plaintiff’s automobile driven by his wife and a Buick automobile driven by defendant’s insured, James A. Stinson. From a judgment in plaintiff’s favor, the defendant has appealed.
The accident occurred at the intersection of Greenwood Road and Jewella Road in the City of Shreveport during the afternoon of February 25, 1957. At this intersection Greenwood Road, a four-lane thoroughfare, is a segment of U. S. Highway 80. Mrs. Petersen was proceeding in an easterly direction in the extreme right-hand lane approaching the aforesaid intersection, preceded immediately by a school bus in the lane to her left. Stin-son was at the same time approaching the intersection from the east traveling west. An automatic electric traffic signal controls the movement of traffic at this intersection. At the time, the signal was favorable for traffic on Greenwood Road, that is, favorable to all the parties concerned in this accident. It was the intention of the bus driver to make a left-hand turn northward into Jewella Road, and of Stinson to make a left-hand turn south into Jewella Road. Both gave signals indicative of their intentions. As the bus was turning north, Stinson turned south and collided with the Petersen car in the southernmost lane as Mrs. Petersen was proceeding straight ahead and, as aforesaid, on a favorable traffic signal.
The gravamen of the negligence charged to defendant’s assured is that he attempted to make a left-hand turn on a main thoroughfare without first ascertaining that the maneuver could be made in safety. As he entered the intersection, Stinson says the bus, in attempting its left-hand turn, blocked his view, whereupon he stopped momentarily near the overhanging signal light before proceeding with his left-hand turn; that on reaching the southernmost lane for eastbound traffic, the collision occurred and that only an instant before did he see plaintiff’s car. From Stinson’s own testimony, the conclusion is inescapable that he attempted a left-hand turn on a muchly traveled thoroughfare without making sure that he could do so in safety. His actions reveal a clear violation of the pro *226 visions of the Highway Regulatory Act, the pertinent provisions of which (LSA-R.S. 32:236) provide:
“The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * *
The jurisprudence is replete with authorities that the operators of motor vehicles who desire to make left turns carry the responsibility of making certain that the movement can be made in safety and, therefore, without impeding normal overtaking and oncoming traffic. Sullivan v. Locke, La.App., 73 So.2d 616, 623; Codifer v. Occhipinti, La.App., 57 So.2d 697; McBroom v. Chavis, La.App., 62 So.2d 177; Tornabene v. Rau, La.App., 34 So.2d 655; Deffez v. Stephens, La.App., 30 So.2d 154.
The conclusion reached by our learned brother of the district court that the proximate cause of this accident was Stinson’s negligence in attempting a left-hand turn without having first ascertained there was no eastbound traffic in the south lane of the Greenwood Road that would be affected by the maneuver and without ascertaining • that he could make the turn in safety is amply supported by the evidence. While unusual care is required in attempting a left-hand turn, Stinson’s view was obstructed by the bus and thus there devolved upon him an even greater degree of care and caution. His failure in that respect constitutes actionable negligence.
Defendant averred that plaintiff’s wife was upon a community mission at the time of the accident and charged her with negligence allegedly proximately causing the accident, or, in the alternative, as contributing thereto (1) in driving at a dangerous rate of speed; (2) in her failure to keep a proper lookout, and (3) in attempting to pass a bus and proceeding through an intersection without ascertaining the condition of traffic in the intersection. The proof fails to establish any basis for these charges. There is no proof of excessive speed or of any fact or circumstance that would warrant a charge of her failure to keep a proper lookout. Mrs. Petersen’s lane of travel was clear ahead until Stin-son suddenly turned left therein, confronting her with an unexpected emergency from which it was impossible to extricate herself. We find no error in the judgment appealed and it will be, accordingly, affirmed.
For these reasons, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.