AYRES, Judge.
This is an action for damages allegedly sustained by plaintiff in a collision between a motor scooter and an automobile. The accident occurred at the intersection of Line Avenue and Kings Highway, two concrete-paved four-lane thoroughfares of the City of Shreveport. The former, running in a general north and south course, is in-' tersected and crossed at right angles by the latter. The movement of traffic through this intersection is controlled by the usual traffic light suspended above the intersection.
Plaintiff, on a motor scooter, was proceeding south on Line Avenue near thé center of the southbound traffic lanes, with the intention to continue in a southerly direction. Defendant, in his automobile, was driving north on Line Avenue on the left, or inner, traffic lane for northbound traffic with the intention to make a left turn and to proceed in a westerly direction on Kings Highway. The point of impact was four feet, ten inches east of the crosswalk across Kings Highway on the west side of Line Avenue and slightly north of the center *111 of Kings Highway. The motor scooter struck the rear end of the right back fender of defendant’s car as the car was completing a left-hand turn.
Negligence charged to defendant Rogers consists of excessive speed, not maintaining a proper lookout or keeping his vehicle under control, and attempting a left turn without first determining that the movement could be made in safety. These charges of negligence were denied by the defendants, who charged plaintiff with negligence constituting the proximate cause or, in the alternative, a contributing cause of the accident. Contained in these charges are particular specifications that plaintiff failed to keep or maintain a proper lookout when entering the intersection or to accord the right of way to defendant Rogers, who had almost completed his left-turn movement in the negotiation of the intersection, failed to keep his motor scooter under control and drove it at an excessive rate of speed in a school speed zone, with defective and improper brakes, and failed to take evasive action in an effort to avoid running into and striking defendant’s automobile.
From an adverse judgment, plaintiff appealed.
In supplemental and amended answers, defendants, in reconvention, sought to recover damages sustained by defendant’s automobile, and sought a deduction from any award in plaintiff’s favor for workmen’s compensation and medical expenses' theretofore paid by the defendant, Aetna Casualty & Surety Company. Silence of the judgment in these respects is tantamount to a rejection of the same. No point is raised by the defendants on the appeal as to these claims. Hence, they may be considered abandoned.
The issues presented for determination are factual in nature. The facts as to the occurrence, briefly stated, are as follows:
As Rogers, proceeding from the south on Line Avenue, approached the intersection, the traffic light was green, or favorable, for traffic proceeding north and south on Line Avenue. There were cars, both southbound and northbound, on the left, or inner, traffic lanes. The drivers of the lead cars, one of which was Rogers, intended to make left turns. As Rogers arrived at the intersection with this intention, he brought his car to a stop to permit traffic to clear the intersection before attempting his left turn. Similar action was taken by drivers of the southbound cars on the inner traffic lane. As the southbound traffic began such maneuver, Rogers likewise proceeded to turn left, after first observing no traffic approaching, at the time, in the west, or right-hand southbound traffic lane. After Rogers had reached the midway point of his turn, he observed plaintiff’s motor scooter approaching upgrade from the north on Line Avenue at an apparently excessive rate of speed; whereupon, he, in order to avoid a collision, accelerated his own speed. Nevertheless, the collision occurred as Rogers had almost completed the negotiation of the intersection.
Rogers’ vision northward was obstructed by the string of cars headed south and stopped on the inner, southbound traffic lane. Therefore, he did not see the motor scooter until after he had started his car and had reached a point approximately midway of the southbound traffic lanes. Plaintiff testified that he saw Rogers’ automobile at the time it started its left-hand turn, but, nevertheless, he continued forward without making any serious effort to prevent or avoid an accident.
Plaintiff’s testimony is at variance with his statement made soon after the accident occurred. In contradiction to his testimony that his speed was within the 15-mile limit and that he only saw defendant’s car when a car-and-a-half length away, his statement was that he was traveling about 25 m. p. h. and that he saw defendant’s car when he was three to four car lengths from the intersection.
Plaintiff’s testimony was likewise contradictory as to the condition of the brakes *112 on his motor scooter. He testified during the trial that his brakes were good; whereas, he had given the statement that “When I saw this car I hit my brakes. The brakes were real bad on the scooter. They would grab and throw you off if you weren’t careful. I had been riding the scooter about a week and I knew that they were bad.”
Plaintiff contends that defendant Rogers was negligent in attempting the aforesaid left turn. Whether, under the aforesaid statement of facts, Rogers was guilty of negligence is of no moment or importance.
However, it may be pointed out that the decisions are so replete with pronouncements that a left-hand turn is a dangerous maneuver and should not be attempted unless it is first ascertained, with reasonable certainty, that the maneuver can be made in safety and without obstructing the normal movement of traffic, that citation of authority is unnecessary. Nevertheless, it was pointed out in Paggett v. Travelers Indemnity Company, La.App. 2d Cir., 1957, 99 So.2d 173, that it is erroneous to assume that the driver of a vehicle, who undertakes a left-hand turn, is guilty of negligence, per se, in the event an accident occurs.
From the record, plaintiff’s negligence of, at least, a contributory character has been amply established. He was proceeding in a school zone at a speed greatly in excess of that permitted by law. He was apprized of such speed limitation by an appropriate sign placed in the middle of the street which he had passed while proceeding upgrade to the intersection. Not only were his brakes bad, but he was also passing a string of vehicles stopped at the intersection obscuring his view to the left. It would have been clear to any reasonable person making the slightest observation that these cars were stopped for some purpose.
To enter and attempt to negotiate an intersection without taking any precautions or making any attempt to evaluate the situation is not commensurate with the action of a reasonable, prudent person. In Kientz v. Charles Dennery, 209 La. 144, 24 So.2d 292, 294, it was appropriately stated by the Supreme Court that:
“It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it can not and will not be disputed that a motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law. * * * ”
Appropriate, also, is the observation made in Sullivan v. Locke, La.App. 2d Cir., 1954, 73 So.2d 616, 622:
“Under a traffic light system the dangers at street intersections are less than if there were no such signals, and, therefore, as the danger decreases, less care is exacted, but as the traffic light signal does not do away with all danger at intersections, all care and precaution are not dispensed with.
“We are not justified in holding that plaintiff was not under some duty and responsibility of making some, even though slight, observations at the intersection, especially in view of the fact that she knew that the line of traffic to her left was halted for some .reason, which was sufficient to place her on guard.”
In the quoted case, a similar state of facts was established. Mrs. Sullivan was driving an automobile in an easterly direction on Barksdale Boulevard, a four-lane street. Defendant Locke was operating a jeep in the opposite direction in the inner lane for westbound traffic. His intention was to make a left turn to the south into Hamilton Lane which intersected Barks-dale Boulevard at right angles. The movement of traffic at that intersection was, like *113 wise, controlled by the usual conventional traffic light. A number of automobiles on Barksdale Boulevard headed east had stopped in the traffic lane immediately adjacent to the center line of the street. Mrs. Sullivan was proceeding easterly, as aforesaid, in the outer lane, or the lane nearest the curb.
Thus, Mrs. Sullivan, in the cited case, and plaintiff, in the instant case, occupied identical positions. Both were proceeding in the lane nearest the curb and passing a string of cars stopped to their left in the inside lane. Mrs. Sullivan, like plaintiff here, intended to proceed straight through the intersection.
Accordingly, it is seen that Locke, in the cited case, and Rogers, here, occupy identical positions. Locke, like Rogers here, before entering the intersection and before proceeding with his left turn, waited to ascertain if the lead car of the line of cars facing him across the intersection would afford him the opportunity of making his left turn, and, upon ascertaining that fact, proceeded to make his left turn. When Locke’s vehicle, like the Rogers vehicle, had arrived in the outside lane of the street upon which he was driving, Mrs. Sullivan entered the intersection to the right of the stopped line of cars and struck his jeep on the right side.
The Sullivan case and this case are parallel except that, in the present case, Rogers had proceeded farther into the intersecting street, after making his left turn, than had Locke, because Locke’s vehicle was struck on the right front fender, whereas Rogers’ vehicle was struck on the right rear fender. The front of his car, at the time, projected westward into Kings Highway. Mrs. Sullivan, like plaintiff here, did not see the left-turning vehicle until such movement was in progress. Nor did Locke have a view of the traffic proceeding toward him in the outside lane because of the string of cars stopped in the inside lane and, therefore, he did not know if there were any vehicles coming toward him to the right of the string of cars. Such was Rogers’ situation here.
The court, in the cited case, concluded that Mrs. Sullivan was guilty of contributory negligence barring her recovery. Her view was obstructed by the line of cars to her left. It was her duty not to pass the string of cars, even on a green light, without the exercise of some precaution, even though slight, and without keeping a lookout. Both drivers in the cited case were held to be negligent in not maintaining a proper lookout, and the plaintiff in not having her vehicle under proper control.
Plaintiff cites, in support of his position, the pronouncements of this court in Petersen v. State Farm Mut. Auto. Ins. Co., La. App. 2d Cir., 1958, 104 So.2d 224, 226, wherein judgment was rendered for plaintiff, whose driver was proceeding in an easterly direction on Greenwood Road at its intersection with Jewella Road, where a school bus proceeding in the same direction in the eastbound traffic lane attempted a left turn, as did the defendant’s assured proceeding in a westerly direction and whose view was obstructed by the presence of the bus. Acts of negligence, such as excessive speed, failure to keep a proper lookout, an attempt to pass a bus, and in proceeding through an intersection without ascertaining the condition of traffic therein, were charged to the driver. In holding there were no bases for the establishment of these charges, the court stated:
“ * * * There'is no proof of excessive speed or of any fact or circumstance that would warrant a charge of her failure to keep a proper lookout. Mrs. Petersen’s lane of travel was clear ahead until Stinson suddenly turned left therein, confronting her with an unexpected emergency from which it was impossible to extricate herself. * * * ”
The conclusion is inescapable that plaintiff, in the instant case, was guilty of, at least, contributory negligence, and, thus, *114 that he is barred and precluded from recovery.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s cost.
Affirmed.