179 So. 49

**RECONSTRUCTION FINANCE CORPORATION v. MICKELBERRY et al.**

No. 34025.

Jan. 10, 1938.

Rehearing Denied Feb. 7, 1938.

Ponder & Ponder, of Amite, for appellant.

Robert S. Ellis, of Amite, for appellees.

FOURNET, Justice.

This suit was instituted by the Reconstruction Finance Corporation as holder and pledgee of two promissory notes secured by a continuing guaranty against the guarantors for the payment of the balance due on the notes in principal, interest, and attorney's fees. Defendants filed exceptions of no cause or right of action, which were sustained by the lower court, and the plaintiff has appealed.

Plaintiff alleged that it was the holder and owner, as pledgee, for value before maturity, of two certain promissory notes (with supporting collateral), executed by the Roseland Box Company, Inc. (now in receivership), as follows: (1) One for the sum of $16,000, dated September 25, 1930, payable to the order of the Security Bank of Amite, La., due July 1, 1931, which note had been reduced to $11,569.60, secured by an act of continuing guaranty, signed by J. Y. Sanders, H. H. Holloway, W. J. Garnier, M. Mickelberry, Thos. D. Dyer, T. W. Kent, E. D. Reichert, Xavier A. Kramer, H. P. McClendon, and A. McCraney, as guarantors, which guaranty is attached to and made part of the note; and (2) note of $5,000, dated February 15, 1929, payable to the order of the Kentwood Bank, Kentwood, La., reduced to $1,739.-75, secured by note identified with an act

of mortgage on November 3, 1937, executed by the Roseland Box Company, Inc., for the sum of $6,100.

From the argument of counsel for defendants, we gather that the exceptions were leveled at the fact that: (1) The act of continuing guaranty is not dated; (2) that the blank spaces therein remained blank with the exception of the amount limiting the guarantors liability, which, on its face, shows an erasure; and (3) that one of the guarantors was released.

▮ Corpus Juris defines the term "guaranty" as "a collateral promise or undertaking by one person [or persons] to answer for the payment of some debt or the performance of some contract or duty in the case of the default of another person, who in the first instance is liable for such payment or performance; a collateral promise or undertaking to pay a debt owing by a third person in case the latter does not pay. * * *" Vol. 28, § 1, p. 886. (Brackets ours.) In the same volume, at page 911, § 42, it is stated that "no particular form or expression is necessary to create a guaranty; any language or expression which, under the circumstances attending the transaction, may be construed as binding the guarantor to answer for another's debt or default is sufficient, and it is not even necessary that the word 'guaranty' should be used. In accordance with this rule, the letters 'O. K.' written on a contract followed by the signature of the person writing them, together with the attending circumstances, have been held sufficient to constitute a guaranty. * * *"

▮ The cardinal rules of construction applicable to the case of contracts also control in ascertaining the meaning of the language of a contract of guaranty. Corpus Juris, Vol. 28, § 76, p. 930; See Continental Supply Co. v. Tucker-Rose Oil Co., 146 La. 671, 83 So. 892; Talmadge v. John Williams & Sons, 27 La.Ann. 653; Menard v. Scudder, 7 La.Ann. 385, 56 Am. Dec. 610. The contract, except when such contract is against public policy or contra bonos mores, is the law between the parties. Larguier v. White, 29 La. Ann. 156; Union Tank Car Co. v. Louisiana Oil R. Corporation, 184 La. 121, 165 So. 638; Rev.Civ.Code, arts. 1901 and 1945. In the latter article of the Code it is provided:

"Second—That courts are bound to give legal effect to all such contracts according to the true intent of all the parties;

"Third—That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;

"Fourth—That it is the common intent of the parties—that is, the intention of all—that is to be sought for."

▮ In the case at bar the act of guaranty is alleged to be attached to the note for $16,000, on the back of which is the following indorsement: "Secured by a certain continuing guaranty agreement for $18,500.00 signed by certain directors of the Roseland Box Co., Inc., now held by Security Bank," and signed: "Roseland Box Co., Inc., A. McCraney, Pres.; Arthur F. Shuey, Assistant Secty. & Treas., Security

Bank, F. E. Patenotte, Cashier; Amite Bank & Trust Co., by H. S. Weigel, Pres." The note and the act of guaranty, therefore, should be read together and each construed with reference to the other for the purpose of determining the proper construction or validity of the guaranty. Corpus Juris, Vol. 28, § 78, p. 933. The intention of the parties, therefore, is a matter which can be determined only on the trial of the merits of the case, the effect of which must be given under the rules prescribed in the Revised Civil Code for the interpretation of agreements, beginning with article 1945 to and including article 1962.

▮ Counsel for defendants has called our attention to the fact that the second note is not mentioned in the act of guaranty and is payable to the Bank of Kentwood, and further, that there are indorsements of payments on the back of the note which indicate that it has been paid in full. We think these matters are defenses which should be urged on the merits, because the consideration recited in the act of guaranty was for making loans or advances or otherwise extending credit to the Roseland Box Company, Inc., and in the act the guarantors guaranteed the prompt payment of all such debts and liabilities "which said debtor (Roseland Box Company) may now or at any time or times hereafter owe or be liable to pay to said company. * * *" As to the indorsements on the back of the note, they are not sufficiently plain to show conclusively that the note has been paid in full.

▮ The last point urged by the defendants in support of the exceptions of no right or cause of action is that J. Y. Sanders was released from the effect of the guaranty which automatically discharged the defendants as co-obligors, in solido. This contention is without merit because, in the act releasing J. Y. Sanders, the rights of the holder of the act of guaranty are expressly reserved against the other guarantors, which is in accordance with the express provisions of the act of guaranty and the law. See article 2203, Rev. Civ.Code.

For the reasons assigned, it is ordered that the judgment of the district court be set aside; the defendants' exceptions are hereby overruled and the suit remanded to the district court for further proceedings according to law and consistent with the views herein expressed; plaintiff to pay the costs of this appeal, all other costs to await the final determination of the matter.

HIGGINS, J., absent.

PONDER, J., takes no part.

On Rehearing.

PER CURIAM.

▮ Our attention was called, in an application for rehearing by plaintiff-appellant, to the fact that although it secured a reversal of the judgment of the lower court, we erroneously taxed the costs of appeal against it when, in fact, the costs should have been levied against the defend-

ants-appellees. Of course, this is a clerical error which we can correct without granting a rehearing. Accordingly, our decree is amended and it is now ordered that the defendants-appellees pay the costs of appeal.

Rehearing refused.