17 So.2d 628

RECONSTRUCTION FINANCE CORPORATION v. MICKELBERRY et al.

No. 34963.

March 13, 1944.

anty and the sum of $18,125 had been inserted, as appears from the face of the instrument, thereby rendering it null and void; and (4) That the $5,000 note sued upon was not guaranteed by them.

The defendants raised the first three points by exceptions of no right and no cause of action, which were maintained by the lower court but were overruled by this court on appeal, and the case was remanded to the district court for further proceedings. 189 La. 105, 179 So. 49. The suit was then tried on the merits, resulting in a judgment in favor of the plaintiff, Reconstruction Finance Corporation, and against the defendants, H. H. Holloway, Wade J. Garnier, M. Mickelberry, Thomas D. Dyer, T. W. Kent, E. D. Reichert and H. P. McClendon, jointly, severally and in solido, in the sum of $11,569.60, with interest and attorney's fees, but rejecting the plaintiff's demand based on the $5,000 note. The defendants appealed and the plaintiff answered the appeal asking that the judgment be amended so as to grant recovery also on the $5,000 note.

Ellis & Ellis, of Amite, for defendants-appellants.

Ponder & Ponder, of Amite, for plaintiff-appellee.

HIGGINS, Justice.

The plaintiff, as the bona fide holder and pledgee, in due course, before maturity and for value, of two certain promissory notes secured by a continuing guaranty, brought this action against the guarantors thereof, jointly, severally, and in solido, for the payment of the balance due on them in principal, interest and attorney's fees. Several defenses were interposed, to-wit: (1) That the act of guaranty is neither dated nor identified with the notes; (2) That the defendants, as guarantors, were released from liability because the plaintiff accepted a $5,-000 payment in full settlement from one of the guarantors and discharged him from further responsibility; (3) That the limitation on their liability in the sum of $11,-125 had been erased from the act of guar-

The plaintiff and the defendants, H. H. Holloway, E. D. Reichert, Succession of H. P. McClendon, T. W. Kent and T. D. Dyer, filed a joint motion in this Court wherein it is stated that the judgment, insofar as the above defendants are concerned, was settled by the parties with full reservation, in all respects, of the plaintiff's rights against the other defendants, and prayed that the appeal be dismissed insofar as the above-named respondents are concerned, but with reservation of the plaintiff's rights against the other two defendants, Wade J. Garnier and M. Mickelberry.

The plaintiff filed a petition in this Court wherein it is stated that its claim as the holder and pledgee of the two promissory notes was satisfied in full; that the notes sued on were actually owned by the Tangipahoa Bank & Trust Company, in Liquidation, which bank pledged the notes to the Reconstruction Finance Corporation to secure a certain indebtedness; and that all of the rights of the plaintiff in the notes, the judgment obtained in the lower court, and the appeal, were assigned and transferred to the Tangipahoa Bank & Trust Company, in Liquidation, and that the plaintiff did not have any further interest in the matter. The act of assignment and transfer annexed to the petition shows that the State Bank Commissioner, acting for the Tangipahoa Bank & Trust Company, in Liquidation, accepted the assignment and transfer.

The Reconstruction Finance Corporation, the Tangipahoa Bank & Trust Company, in Liquidation, and Henry J. Lavigne, filed a motion stating that the judgment herein sued upon had been sold by the Liquidator of the Tangipahoa Bank & Trust Company to Henry J. Lavigne, as appears from the Mortgage Record Book No. 115, page 452 of the records of Tangipahoa Parish, and that the parties desired to substitute the name of Henry J. Lavigne as the plaintiff and appellee in the place and stead of the Reconstruction Finance Corporation and the Tangipahoa Bank & Trust Company, in Liquidation.

We shall consider the issues presented in the order above stated:

█ While the act of guaranty is not dated, the evidence shows that it was at-tached to the $16,000 note, on the back of which appears this endorsement: "Secured by a certain continuing guaranty agreement for $18,500.00, signed by certain directors of the Roseland Box Co., Inc., now held by Security Bank." The note is dated and signed by the Roseland Box Company, Inc., through its president. The defendants admit executing the act of guaranty and that it was given for the purpose of securing the Roseland Box Company's indebtedness to the Security Bank. The note with the collateral was negotiated and it became the property of the Tangipahoa Bank & Trust Company, which Bank, through its liquidator, pledged the note with the guaranty to the Reconstruction Finance Corporation. The record leaves no doubt that the guaranty was given to secure the indebtedness of the Box Company to the Bank represented by the $16,000 note and that it is properly identified with the note. Considering the note and the guaranty together, the date of the guaranty and its identity with the note are sufficiently established to make it valid and effective.

In our previous opinion above referred to, we held that the release of the guarantor, J. Y. Sanders, with express reservation of rights against other guarantors, was in accordance with the provisions of the act of guaranty and Article 2203 of the Revised Civil Code.

█ The $5,000 note of the Roseland Box Company was secured by other collateral and not by the continuing guaranty of the defendants herein sued upon. The plaintiff did not make any effort to refute the testimony of the defendants that there

was no connection whatsoever between this note and the guaranty. While the plaintiff's attorneys ask that the judgment be amended to include the amount of this note, there is nothing in their brief or in the record to justify granting this relief.

The defendants, by their testimony, sought to show that the limitation on their liability was raised from $11,125 to $18,500, without their authority. They admitted that their continuing guaranty was signed to replace the $15,000 guaranty of T. W. Kent, who had died, because the Bank was insisting that the Roseland Box Company's indebtedness to it be secured and that some of the guarantors were directors of both the Bank and the Roseland Box Company. Several of the defendants stated that to the best of their recollection, the limitation on the guaranty was between $11,000 and $12,000. One stated that it was not to exceed $12,000 and another testified that the liability was limited to $11,125. One of the guarantors who had paid $5,000 and secured his release, in accordance with the terms of the guaranty, stated from memory that the liability was not to be in excess of $12,000. There was evidence tending to show that the amount due the Bank at that time was in excess of $12,000. Apparently, the trial judge concluded that the evidence was not sufficient to show that there had been any erasure of the figure $11,125 and the substitution of $18,500 in the guaranty. As the record supports the finding of the trial judge, we shall not disturb it.

In the plaintiff's brief it is stated that several of the defendants hereinabove named were discharged from liability because of the partial payment of the judgment by them. We are not favored with a brief by the defendants and are not informed by the plaintiff as to the total amount of these payments. Therefore, we do not know the amount of the unpaid balance due on the judgment, in principal, interest, and attorney's fees. The judgment will, therefore, be affirmed, subject to the credit of the payments which have been made thereon.

For the reasons assigned, it is ordered that the judgment of the district court is amended by substituting Henry J. Lavigne, as the plaintiff and appellee, in the place of the Reconstruction Finance Corporation; by dismissing the suit insofar as the defendants, H. H. Holloway, E. D. Reichert, Succession of H. P. McClendon, T. W. Kent and T. D. Dyer are concerned; and by reducing the amount thereof by crediting thereto the total sum of the payments made thereon, and, as thus amended, the judgment is affirmed. The appellants to pay the costs of the lower court; the appellee to pay the costs of this Court.

PONDER, J., recused.