SAVOY, Judge.
This suit was instituted by plaintiff against defendants, Gaspard Motors, Inc., hereinafter referred to as the “corporation”, and Albert Paul Gaspard, hereinafter referred to as “Gaspard”, to recover a money judgment.
Plaintiff alleged that on or about December 3G, 1959, Ed Cruise purchased from the corporation a 1960 Rambler automobile. In connection with said sale, Cruise gave the corporation a promissory note representing the purchase price of said car. The note was assigned to plaintiff by the corporation and in that transaction, the corporation endorsed said note to plaintiff “with recourse”. Plaintiff also alleged it paid valuable consideration for said instrument. Plaintiff further alleged that on or about October 23, 1959, the other defendant in the instant case, Gaspard, in his individual capacity, signed an instrument designated “Guaranty of Wholesale and Demonstrator Transactions”. Plaintiff stated that said instrument was required of Gaspard by it to guarantee payment to it by the corporation of all obligations insofar as they related to retail demonstrator transactions between the corporation and plaintiff. Plaintiff alleged that the sale by the corporation to Cruise was a retail demonstrator transaction. Plaintiff further alleged that Cruise defaulted on the note which the corporation assigned to it by virtue of the sale of the Rambler car.
Defendants answered the suit, filing an answer generally denying all of the allegations contained in the petition of plaintiff.
After a trial on the merits, the district court granted plaintiff judgment against defendants, in solido, as prayed for. From this judgment, defendants have appealed to this Court.
The record reveals that Cruise left the employment of the corporation in 1960, and that he died prior to the trial of the case in the district court.
In the brief filed by counsel for defendants in this Court, he admits that the car purchased by Cruise and the note given in connection with said sale was used by him originally as a demonstrator and said transaction was one of the types included in the “Guaranty of Wholesale and Demonstrator Transactions” signed by Gaspard to guarantee plaintiff against any delinquent notes which the corporation transferred to *883 plaintiff. Counsel also admits that Cruise was delinquent in his payment of said note, and that he has defaulted under the terms set forth in the note.
Counsel for defendants contends that the trial court erred in granting plaintiff judgment against defendants for the reason that before Cruise had become delinquent on said note for nonpayment of the installments thereof as they became due, he had ceased to use the car as a demonstrator, and that T. F. Wallace, manager of plaintiff at that time (he is no longer with plaintiff), knew these facts to be correct. Also, that Cruise ceased to work for the corporation and plaintiff was advised of this fact.
Counsel for defendants states that because of the above facts, the transaction between the parties reverted to an ordinary transaction involving the retail sale of a car and the sale of the Cruise note by the corporation to plaintiff, and the guaranty executed by 'Gaspard became ineffective.
Counsel for defendants also contends that the failure on the part of plaintiff in acting with due diligence in recovering the Cruise car, jeopardized the position of the corporation and plaintiff, by its action or inaction, waived any of the rights against the corporation, and that plaintiff is now estopped from recovering from either the corporation or Gaspard.
We hereby quote the pertinent provisions of the “Guaranty of Wholesale and Demonstrator Transactions”:
“In consideration of, and in order to induce you (Commercial Credit Corporation) to purchase or otherwise acquire any notes * * * or other obligations * * * (herein called ‘Instruments’) * * * executed, endorsed or assigned by the * * * dealer named above (herein called ‘Dealer’) (Gaspard Motors, Inc.) or in connection with which Dealer has any obligation, direct or indirect, absolute or contingent, under the Instruments or under separate agreements of the Dealer to or with you, and arising out of * * * retail demonstrator transactions with respect to new or used automobiles * * * the Undersigned (Albert Paul Gaspard) * * * guarantee to you * * * the faithful and prompt performance, payment and discharge by Dealer of any and all such Instruments, now or hereafter, held by you, and/or any and all agreements of Dealer with you now in force or hereafter made * * *. If any claim against undersigned hereunder is referred to an attorney for collection, then undersigned shall pay 15% of the amount thereof as an attorney’s reasonable fee.”
The guaranty by Gaspard states, in substance, that if plaintiff acquired any notes from the corporation by endorsement or assignment arising out of, among other things, “retail demonstrator transactions” with respect to new or used cars and the maker of said note defaulted on said note, Gaspard would become personally responsible for any balance due and unpaid on that particular note.
The guaranty is also a continuing one and may be terminated by written notice on the part of the defendants. The record reveals that Gaspard never did terminate said agreement by giving plaintiff written notice as required by said instrument dated October 23, 1959.
The contentions advanced by counsel have no merit in the opinion of this Court. We shall discuss them in the order in which they were presented in defendants’ brief.
The trial judge found that the car purchased by Cruise from the corporation was a demonstration transaction under the terms of the agreement of guaranty signed by Gaspard. Even counsel for Gaspard admits that this was true originally.
We are of the opinion that the guarantor cannot change a bona fide transaction at his whim or choice when a particular note signed under the guaranty *884 agreement becomes delinquent after he has signed the guaranty. The evidence reveals that in the instant case, because of Gaspard’s guaranty, plaintiff accepted the note without requiring the corporation to require from Cruise a substantial down payment. In fact, Cruise did not make a down payment. Also, the note was of the so-called balloon type, five (5) small monthly installments and a large payment at the end.
The evidence reveals that Cruise left the employ of the corporation sometime in February of 1960. The Cruise note was signed by Cruise on December 7, 1959. He did not default on the note until May of 1960. At the time defendants notified plaintiff that Cruise was no longer with them, there was nothing plaintiff could do to repossess the Cruise car for the maker was current on the installments due on said note.
Counsel for defendants contends that plaintiff has waived its right to recover from his clients because by its inaction, it has waived its right to payment and is now estopped from recovering from either party. Waiver and estoppel constitute affirmative defenses and must be specially pleaded. Michel v. Efferson, 223 La. 136, 65 So.2d 115 (waiver); Arkansas Louisiana Gas Company v. Thompson, 222 La. 868, 64 So.2d 202 (estoppel); LSA-C.C.P. Article 1005.
Defendants filed a general denial without alleging any special defenses. We are of the opinion that the argument advanced by counsel for defendants in connection with “waiver” and “estoppel” are without merit.
For the reasons assigned, the judgment ■of the district court is affirmed. Defendants are assessed with the costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.