SAVOY, Judge.
This action was consolidated with suit No. 688 on the docket of this Court for purposes of trial. We have decided suit No. 688, La.App., 147 So.2d 881, this date.
In the instant case, plaintiff sued Gaspard Motors, Inc., hereinafter referred to as the “corporation” and Albert Paul Gaspard, hereinafter referred to as “Gaspard” in solido to recover a money judgment from said defendants.
In the instant case, plaintiff alleged that on or about December 7, 1959, Dan L. Daniels purchased from the corporation a 1960 Plymouth automobile. In connection with the sale of said vehicle, Daniels signed, as maker, a promissory note in favor of the corporation. Said note represented the price paid for the Plymouth.
On or about December 7, 1959, the corporation sold and assigned to plaintiff the note which it had acquired from Daniels. The transfer was accomplished by an endorsement on the back of the note by Ed Cruise, duly authorized to represent the corporation. Said endorsement was a qualified one, namely, “without recourse”. On the same day that the subject note was assigned to plaintiff, the corporation, represented by Cruise, executed in favor of plaintiff “Dealer Guaranty of Purchaser Account”.
Plaintiff alleges that under the terms of the guaranty instrument, the corporation guaranteed prompt payment of the Daniels note, according to its terms and conditions; that on October 23, 1959, Gaspard, in his individual capacity, signed a document la-belled “Guaranty of Wholesale and Demonstrator Transactions”. This instrument bound Gaspard to guarantee payments to plaintiff of notes insofar as they related to retail demonstrator transactions.
Plaintiff alleged that the sale by the corporation to Daniels was a retail demonstrator transaction.
The guaranty agreements ’ mentioned above executed by the corporation and Gas-pard were accepted by plaintiff.
Daniels defaulted on the note given to the corporation, and plaintiff filed this suit against defendants to collect the remaining balance, together with interest, penalties and attorney’s fees specified therein.
Defendants filed an answer in the form of a general denial. After a trial on the merits, the trial judge rejected the demands *886 of plaintiff and dismissed its suit. Plaintiff appealed said judgment to this Court.
The evidence discloses that the corporation was engaged in the business of selling new and used cars in the City of Lake Charles, Louisiana, during the latter part of 1959 and the first part of 1960. Gaspard was president of the corporation. Ed Cruise was general manager for the corporation. He was duly authorized to act for the said corporation, by a written power of attorney.
Plaintiff is a corporation engaged primarily in the business of financing automobiles for automobile dealers.
As a condition to doing business with the corporation, plaintiff obtained from Gas-pard, individually, his personal guaranty of promissory notes arising out of “demonstrator transactions” . The document which Gaspard signed was labelled “Guaranty of Wholesale and Demonstrator Transactions”. The pertinent provisions of said instrument read as follows:
“In consideration of, and in order to induce you (Commercial Credit Corporation) to purchase or otherwise acquire any notes * * * or other obligations * * * (herein called ‘Instruments’) * * * executed, endorsed or assigned by the * * * dealer named above (herein called ‘Dealer’) (Gas-pard Motors, Inc.) or in connection with which Dealer has any obligation, direct or indirect, absolute or contingent, under the Instruments or under separate agreements of the Dealer to or with you, and arising out of * * * retail demonstrator transactions with respect to new or used automobiles * * * the Undersigned (Albert Paul Gaspard) * * * guarantee to you * * * the faithful and prompt performance, payment and discharge by Dealer of any and all such Instruments, now or hereafter, held by you, and/or any and all agreements of Dealer with you now in force or hereafter made * * *. If any claim against undersigned hereunder is referred to an attorney for collection, then undersigned shall pay 15% of the amount thereof as an attorney’s reasonable fee.”
On December 7, 1959, Dan L. Daniels, a used car salesman for the corporation, purchased from it a new 1960 Plymouth automobile. In consideration for the sale, Daniels gave the corporation a note to secure the purchase price of said vehicle. The note was sold to plaintiff and assigned by endorsement on the back thereof. Said endorsement was of the qualified type, namely, “without recourse”. LSA-R.S. 7:38.
Plaintiff also secured from the corporation an undated instrument designated as “Dealer Guaranty of Purchaser Account” The agreement reads, in part, as follows:
“Undersigned (Gaspard Motors, Inc.) sent you (Commercial Credit Corporation) for purchase the promissory note * * * (herein called ‘Instrument’) received by Undersigned from the above named Purchaser (Danny L. Daniels) in connection with the sale of the above mentioned motor vehicle (hereinafter called ‘Car’) and Undersigned assigned said Instrument to you without guaranty of payment.
“You require Undersigned’s unconditional guaranty that the Purchaser shall pay his obligation under said Instrument, otherwise you will refuse to purchase the same, or, if purchased, will redraw upon Undersigned for the amount thereof, as agreed. Undersigned requests you to purchase or continue to hold said Instrument, and in consideration thereof, Undersigned hereby guarantees the prompt payment of the same. * * * If any claim against Undersigned hereunder is referred to an attorney for collection, then Undersigned agrees to pay 15% of the amount thereof as an attorney’s reasonable fee.”
The trial court found that the automobile was not sold to Daniels as a demonstra *887 tor, nor was it used by him as a demonstrator, but the payment plan was issued to him in the form of a demonstrator plan only for his personal convenience. The trial judge stated that the note given by Daniels to the corporation and in turn assigned by it to plaintiff, was transferred with a qualified endorsement, namely, “without recourse” and found that the “Dealer Guaranty of Purchaser Account” signed by the corporation did not modify the “without recourse” endorsement because it was not shown when that instrument was signed. It is not dated. The court said that Cruise left the employment (February, 1960) a short time after the Daniels transaction, and that the burden was on plaintiff to show that the instrument was executed by Cruise while he was still in the employ of the corporation. The record reflects that Cruise was dead at the time of the trial in the instant case.
Counsel for plaintiff contends that the trial court erred in the following respects:
“1. The trial court erred in finding that the instrument entitled ‘Dealer Guaranty of Purchaser Account’ was without the legal certainty necessary to make it binding on the parties.
“2. The trial court erred in its failure to find the personal guaranty of Albert Paul Gaspard binding upon him, even though the trial court found that the automobile in question was financed in a demonstrator transaction.”
On the other hand, counsel for defendants contends that the judgment of the trial judge rejecting the demand of plaintiff is •correct for the reason that when the corporation endorsed the note to plaintiff with a restrictive endorsement “without recourse” it was absolved from liability on said instrument unless we hold that the “Dealer Guaranty of Purchaser Account” would override the qualified endorsement. Counsel says that the “Dealer Guaranty of Purchaser Account” is not binding on the ■corporation for the reasons that it is not dated and not witnessed; the car is not fully identified; and there is no amount specified in said guaranty agreement.
Mr. T. F. ¡Wallace, manager for the plaintiff at its Lake Charles office at the time of the transaction (he is no longer with plaintiff), testified that when the “Dealer Guaranty of Purchaser Account” was signed, Cruise was still working for the corporation. This testimony was not rebutted by defendants. An examination of the record does not reveal that the written power of attorney granted Cruise by the corporation was ever revoked by it. Even conceding for sake of argument that Cruise signed the instrument after he left the employment of the corporation, this Court is of the opinion that the corporation would be liable because of his signature by virtue of the unrevoked power of attorney granted to him by the corporation.
In the case of Reconstruction Finance Corporation v. Mickelberry, 205 La. 463, 17 So.2d 628, the Supreme Court of this State held that:
“Where an act of guaranty, although not dated, was attached to a $16,000 note which carried an endorsement that it was secured by a certain continuing guaranty and was given for the purpose of securing the indebtedness of the maker of the note to a bank, the date of the guaranty and its identity with the note were sufficiently established to make the act of guaranty effective.”
While it is true that the guaranty instrument involved is not considered a negotiable instrument, still it was given in connection with a negotiable instrument, namely, a note, and the Court will cite the following sections from the Negotiable Instruments law to show the rules applied under said act where a note is not dated.
LSA-R.S. 7:6 states that the validity and negotiable character of an instrument are not affected by the fact that it is not dated.
LSA-R.S. 7:12 provides that the instrument is not invalid for the reason that it *888 ante-dated or post dated, provided it is not done for an illegal or fraudulent purpose.
There is no proof in the record in the instant case that the instrument was illegal or fraudulent. This Court is of the opinion that if plaintiff had intended to commit a fraud against the corporation, it would have completed the guaranty agreement in detail.
Subdivision 3 of LSA-R.S. 7:17 states that where the instrument is not dated, it will be considered to be dated as of the date it was issued.
We are of the opinion that the evidence shows that the instrument was signed in December of 1959 when Daniels bought the Plymouth car from the corporation.
In the Reconstruction Finance Corporation case, supra, the court held that there is no particular form for a guaranty and that it is sufficient and binding on the parties if the guaranty can be sufficiently identified with that which it guarantees, and that said guaranty is the law between the parties.
In the instant case it was shown that the only car purchased by Daniels from the corporation was a 1960 Plymouth. The “Dealer Guaranty of Purchaser Account” makes the guarantor liable for the full amount due and unpaid plus attorney’s fees. We conclude that the corporation is liable for the amount claimed by plaintiff.
Counsel for defendants next contends that Gaspard cannot be held liable to plaintiff for the reason that the “Guaranty of Wholesale and Demonstrator Transactions” which he signed applies only to cars which the corporation financed with plaintiff as demonstrators, and that since the evidence reveals that Daniels was a used car salesman, there was no necessity for him to have a demonstrator in his occupation. As stated before, the district court found that the car was sold and financed by the corporation as a demonstrator, but was not used by Daniels for that purpose.
The expert testimony in the instant case is that when a car is financed as a demonstrator, the borrower makes a small payment for five (5) or six (6) months, and then has a large or balloon note for the final payment; that the demonstrators are usually sold before the last or large installment is due and the finance company receives all of its money when the car is sold. The record also reflects that demonstrators are usually given to new car dealers so that they may demonstrate the car to prospective purchasers. Sometimes the demonstrator is. owned by the salesman and sometimes by the dealer. It was also shown that a new car salesman may sell a used car, and that a used car salesman may sell a new car. In either event, the salesman receives a commission whether he sells a new or used car.
Gaspard testified that he never used the demonstrator method of financing unless it was for the corporation since he had a fleet line policy of insurance, and that he always-had the title to said cars in the name of the corporation. However, we note that an exception was made when the corporation-made a sale to Cruise. In that instance the-demonstration plan of finance was used by the corporation when it acquired the note from the sale of the car to Cruise and sold it to plaintiff. At the time of this sale,. Cruise was not a salesman but general manager for new and used cars for the corporation.
In the instant case the application form for the sale of the Daniels car was prepared by an employee of the corporation,. Gwendolyn Lejeune, and on the back of the application, she inserted the word “Demonstrator” and the sale was handled on that basis. It is reasonable to assume that had. plaintiff not intended to hold the corporation and Gaspard, they would have insisted' on a substantial down payment before they purchased the note. In this case Daniels, did not make any down payment on the car.. We are of the opinion that when the corporation sold the Plymouth to Daniels under the demonstrator plan, Gaspard became-liable to plaintiff in case of a default because of nonpayment of the note.
The “Guaranty of Wholesale and Demonstrator Transactions” agreement provides.. *889 that the guaiantor, Gaspard, for the corporation shall be responsible for any delinquent notes purchased by plaintiff under “retail demonstrator transactions” with respect to new or used cars. To interpret the agreement any other way would leave it to the whim of the dealer to determine after the transaction on any car was completed and the note sold by it whether it would treat the car financed by it as a demonstrator or otherwise at its convenience, as it did in the instant case.
For the written reasons assigned, the judgment of the district court is annulled and set aside. Judgment is hereby rendered in favor of Commercial Credit Corporation and against Gaspard Motors, Inc. and Albert Paul Gaspard, in solido, in the sum of $2,750.20, together with interest thereon at the rate of 5% per annum from judicial demand, plus attorney’s fees of 15% on the sum of $2,750.20.
Defendants are to pay all costs in the district court and in this Court.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.