DOMENGEAUX, Judge.
This matter is before us as a result of the trial court sustaining an exception of no cause of action filed by defendant-ap-pellee, Alexandria Mill and Grain Elevator, Inc.
Plaintiff-appellant Haskell M. Rodgers, leased some 805 acres of farm land to defendant Theo Berry, for the crop year 1971. The consideration for this agricultural lease was stated to be the sum of $10,465.00, payable December 15, 1971. This agricultural lease was in writing but unrecorded, and was dated December 28, 1970. On the same date, Berry and his wife executed a promissory note in favor of Rodgers for the amount of the lease consideration, made payable December 15, 1971, and the note was paraphed for identification with the lease.
Rodgers was not paid when the money was due, and he filed suit on the lease and note against Theo Berry, Mrs. Theo Berry, Alexandria Mill and Grain Elevator, Inc., and the Bank of Coushatta, for payment. The petition recites the background of the transaction between Rodgers and the Berrys and further alleges that Berry planted and harvested soybeans and other crops on the leased land, which were sold by him to defendant-appellee, Alexandria Mill, and that the amounts received by Berry were far in excess of the amount due Rodgers for rent. *504 It is further alleged 'that prior to the time Alexandria' Mill made payments to Berry for the crops, the Mill’s manager assured Rodgers that the funds due Berry for the crops would not be released until Rodgers’ rent was paid out of the money due, but that notwithstanding, the funds were released to Berry and defendant Bank of Coushatta, the latter having advanced funds to Berry under a crop lien.
The petition further alleges that the same persons own controlling interest in the Alexandria Mill and the Bank of Coushatta and that those two defendants through their agents, officers and employees, conspired with defendant Berry so as to allow Alexandria Mill to purchase the crop, see that the Bank of Coushatta was paid its advances, and allow Berry to receive all moneys over and above the amount received by the Bank, thereby defeating plaintiff’s ability to collect his rent out of the proceeds of the crop. The petition further alleges that by these transactions all defendants, including Mrs. Berry, because she acted in concert with the others, are joint tort feasors.
Rodgers obtained a default judgment against Theo Berry and Mrs. Theo Berry for the amount claimed plus interest and attorney’s fees under the note, of which no appeal has been taken.
The Bank of Coushatta filed an exception of no cause of action, which was sustained by the trial court, and the suit dismissed as to it. Although plaintiff appealed that ruling, he has since abandoned that appeal. It has been dismissed in this court by joint motion of Rodgers and the Bank of Coushatta.
Defendant Alexandria Mill and Grain Elevator, Inc. filed exceptions of no right and no cause of action. The trial judge overruled the exception of no right of action but sustained the exception of no cause of action and dismissed plaintiff’s suit against the Mill. It is the latter judgment that Rodgers has appealed to this court.
There was no oral argument of this case before this Court, and plaintiff makes no mention of the alleged conspiracy in his brief. Accordingly we consider that aspect of his case as being abandoned. Tingle v. Rogers, La.App., 134 So.2d 110; Gray v. Great American Indemnity Company, La.App., 121 So.2d 381.
The only issue remaining for our consideration, therefore, is whether plaintiff has stated a cause of action against Alexandria Mill and Grain Eelevator, Inc. We concur with the trial judge in his finding that he has not.
Plaintiff states in his brief that, “C. C. Art. 2315 says that every act whatever of man that causes damage to another obliges him by whose favor (sic) it happened to repair it.” His apparent argument that a tort may be involved herein begins and ends with that statement. He favors us neither with discussion nor with citations which would indicate that the alleged acts of defendant, in stating that it would pay the debt owed to plaintiff out of the funds that it in turn owed to Berry, and then failing to do so, in any way constitute a tort in Louisiana. Perhaps the void is justified, as we too have been unable to find authority for such a proposition. Accordingly we see no merit to a tort theory of a cause of action.
Plaintiff then approaches the case from the standpoint of estoppel, although he did not plead estoppel. Louisiana Code of Civil Procedure, Arts. 1003 and 1005 make it clear that estoppel is an affirmative defense and must be pleaded in the answer. Commercial Credit Corp. v. Gaspard Motors, Inc., La.App., 147 So.2d 881; writ refused 244 La. 126, 150 So.2d 587. This line of attack is therefore likewise without merit.
The plaintiff, then, has failed to show error in the trial court’s judgment sustaining defendant’s exception of no cause of action. There being no error shown, we are bound to affirm the judgment.
For the above and foregoing reasons the judgment of the district court is affirmed at the costs of plaintiff-appellant in both this and in the trial court.
Affirmed.