357 So.2d 596 (1978)
LOUISIANA POWER & LIGHT CO., Plaintiff-Appellee,
v.
John W. MECOM, Defendant-Appellant.
No. 11854.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
*597 Kenneth P. Carter, Monroe & Lemann, New Orleans, for plaintiff appellee.
Karl E. Boellert, Camp, Carmouche, Palmer, Carwile & Barsh, Lake Charles, for defendant appellant.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Louisiana Power & Light Co. (LP&L) brought this action against John W. Mecom for sums due it under a contract to supply electric power to defendant's sulphur plant. LP&L also sued for minimum payments for the remainder of the contractual term under an acceleration clause. The trial judge awarded plaintiff $45,362.00 for past due payments with legal interest from judicial demand and minimum payments of $1850.00 per month which became due after the filing of the suit with legal interest from the date each payment became due. Mecom appealed. We affirm.
Defendant Mecom is the owner of a sulphur plant in Chacahoula, Louisiana. To provide for the electrical requirements of this plant he entered into several contracts with LP&L. The contract concerning the electric power requirements at the main plant entered into on December 15, 1967, forms the subject of this litigation. The contract provided that LP&L would make available at the plant a demand capacity of twenty-four hundred kilowatts at approximately four hundred eighty volts. A minimum monthly bill for service of $1850.00 was specified. The term of the agreement was for an initial period of five years, from December 15, 1967, through December 15, 1972, "and thereafter for similar periods unless terminated by written notice given by one party to the other not more than six (6) months nor less than three (3) months prior to the expiration of the original term or any extension thereof."
Defendant did not give written notice of termination prior to September 15, 1972, as specified in the contract. Therefore, the contract was extended through December 15, 1977. LP&L continued to send monthly bills and furnish electrical services to defendant after the end of the primary term. Defendant refused to pay these bills and this suit was instituted.
Mecom claims that oral notice of termination was given prior to September 15, 1972. The testimony is in conflict as to whether such notice was given. The trial court found that, in any event, oral notice was ineffective under the contract and therefore did not resolve this factual dispute. We agree with this holding.
*598 "Agreements legally entered into have the effect of laws on those who have formed them." C.C. Art. 1901. It is not the province of the courts to relieve a party of a bad bargain, no matter how harsh. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970). Defendant argues that the trial court should not have relied on these settled principles but should have examined the unequal bargaining power of the parties and Mecom's restricted ability to consent. Defendant argues that he was in a position where if he did not accept all terms as proposed by LP&L he could not receive electric power for his plant, i. e., the contract is one of adhesion. He urges that he therefore did not truly consent to the terms of the contract and that he should not be held to the requirement of giving written notice of cancellation.
The Louisiana courts have not to date adopted the theory of adhesion contracts. See Duncan, Adhesion Contracts: A Twentieth Century Problem for a Nineteenth Century Code, 34 La.L.Rev. 1081 (1974); cf. Golz v. Children's Bureau of New Orleans, Inc., 326 So.2d 865 (La.), appeal dismissed 426 U.S. 901, 96 S.Ct. 2220, 48 L.Ed.2d 827 (1976). Even were our courts to recognize the power in themselves to disregard clauses in contracts when one party had no power to negotiate terms, we believe that such power should only be exercised in cases in which the clauses in question are unduly burdensome or extremely harsh. The clause in question requiring written notice of cancellation is in no wise unfair. The only burden it imposes on a party is that if he desires to terminate his electric service he send a letter to LP&L. We will not relieve a party of the consequences of his own agreement in such situation.
Appellant also argues that LP&L violated its contractual duty of good faith by not reminding him of the written notice requirement. C.C. Art. 1901. We do not believe good faith requires a party to a contract to remind the other party of his contractual duties. The fact that LP&L is receiving payments for electric service which it is not supplying likewise does not show bad faith. As shown by the record, LP&L was at all times willing to supply electricity to defendant's plant, and, in fact, supplied small amounts during the renewal term. LP&L interprets the acceleration clause to require it to supply the minimum amount after cancelation. Mecom has not disputed this interpretation. The setting of a minimum payment is not unfair since LP&L was required under the contract to construct substantial facilities in order to supply electric power.
Defendant also urges a plea of estoppel. Estoppel is an affirmative defense which must be pleaded in the answer. C.C.P. Arts. 1003, 1005. Since the defense was not so pled, it is not now available to Mecom. Rodgers v. Berry, 274 So.2d 503 (La.App. 3rd Cir. 1973).
Finally, defendant asserts that plaintiff should not be granted recovery based on the minimum charges for the entire five year renewal period.
The acceleration clause of the contract states that it becomes effective upon the cancellation of the contract by LP&L. Mecom argues that since LP&L has not cancelled the contract it cannot recover minimum payments which became due after the filing of the petition. It is true that LP&L had not cancelled the contract prior to filing suit. Likewise, its petition does not specifically request cancellation. However, we believe that the request for future minimum payments under the acceleration clause of the petition is sufficient as a request for cancellation of the contract. "Every pleading shall be so construed as to do substantial justice." C.C.P. Art. 865; see also C.C.P. Art. 862. Under the acceleration clause, upon cancellation all future minimum payments became due.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.