ALFORD, Judge.
Plaintiff, Paul Vide, filed suit for breach of contract, negligence and redhibition against defendant, Ronnie Calmes. Calmes filed an answer and reconventional demand for $470 which was the balance due for work performed by Calmes. From a judgment in favor of Vide, Calmes appeals.
Vide confected a verbal contract with Calmes to have Calmes install terra cotta tile over an existing concrete slab in the family home. Terra cotta tile is handmade in Mexico which results in each tile being a different size. Calmes recommended this tile to Vide and testified that he informed Vide that he was installing a terra cotta floor at other locations and that Mr. and Mrs. Vide should examine these floors. Opal Vide, plaintiff’s wife, testified that Calmes stated he wanted them to see the other floors when completed, but that he never informed them of the completion of the other projects, invited them to the other homes or gave them locations of the other homes with the terra cotta tile floors.
The tile was installed and the Vides paid $2,000 of the total $2470 price. After installation, an alkaline “snow like” substance began to form on the tile and mortar. Calmes cleaned the tile several times, but the alkaline always resurfaced. Also, the tiled floor surface was uneven to the *716 extent that the Vides could not use the room; therefore, they had the tile removed and the floor restored to its prior condition. Keith Carroñe, who helped remove the tile, testified that there were hollow areas and areas of loose sand rather than a bonded material below the tile.
Photographs of the floor, which were entered into evidence, reveal an uneven surface with a one-half to three-fourths inch variance in the height of some tiles. The photos further reveal that the mortar between the tiles does not come to the top of the tile.
The trial court held that Calmes breached the contract with Vide, in that Calmes did not fully disclose all advantages and disadvantages of the terra cotta floor and that it would be improper for the type of room in which the terra cotta was installed. The trial court further found that the floor was not installed in a workmanlike manner as could be expected by Vide and awarded Vide the $2,000 paid to Calmes, plus $1,546.65 for the cost of repairing the floor.
On appeal, Calmes contends that the trial court was manifestly erroneous in its findings. In his well written reasons for judgment, the trial judge stated:
After considering all the testimony of the witnesses and the brief summary set forth in this opinion and considering the veracity of the witnesses that have testified and their demeanor in the Court, the Court is of the opinion that Plaintiff has proven his case by a preponderance of evidence ...
It is well settled that the trier of fact actually hearing and observing the witnesses give live testimony is in a better position to evaluate the credibility of the witnesses than a reviewing court on the intermediate level, which at best can only study the written words on a cold record. Kikendall v. American Progressive Ins. Co., 457 So.2d 53 (La.App. 1st Cir.1984). Mrs. Vide and Mrs. Myrna Howell, the Vide’s next door neighbor, testified that Calmes stated that the floor would be as smooth as a counter top. Carroñe, who was the boyfriend of the Vide’s daughter, testified that the floor was high in some places and low in others. He also testified that it was possible to stub a toe or trip on the tile. The record reveals that this type of tile should not be used indoors.
Mrs. Vide testified that it was impossible to use the room because furniture placed on the terra cotta floor would rock back and forth. She further testified that the finished product was not what she expected and that Calmes never stated that the floor would be uneven.
Vide’s expert, Ed Stewart, who was accepted by the court as an expert in laying terra cotta tile, testified that greater than a one-fourth inch variance was unusual in the trade, and that a person does not get a good floor out of terra cotta tile. At trial, Steward indicated that he would refuse to lay a terra cotta tile floor in anyone’s home.
Stewart further testified that the mortar should go to the top of the tile and that it was clear from the photographs that it did not. Calmes also testified that it was important that the mortar be at the top of the tile.
Calmes’ expert in laying terra cotta tile, Terry Smith, testified that a one-half inch variance was not normal, although the photographs looked normal to him.
Calmes introduced testimony in an attempt to controvert that of Vide, however, the trial court gave great weight to the testimony of Vide’s witnesses and held that the case had been proven by a preponderance of the evidence. After a careful review and evaluation of the record, we are convinced that the trial court was not clearly wrong in finding for Vide. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978)
Calmes next contends that the trial court committed manifest error in failing to invoke the judicial presumption that when a party fails to testify at his own trial, the facts as he would have them do not exist. Mr. Vide did not testify at the trial. In Dunckelman v. T. Baker Smith and Sons, Inc., 447 So.2d 26 (La.App. 1st *717 Cir.1984), this court held that a party’s failure to testify on matters of material importance to his case and within his knowledge, created a presumption that his testimony would be damaging to his own case. However, this “adverse inference” rule is but one factor to weigh in adjudicating the case and may not always be fatal. Dunckelman, 447 So.2d at 29. Any presumption as to the condition and workmanlike installation of the floor which would work against plaintiff because of his failure to testify is overcome by the photographic evidence and expert testimony. Even if we presume that plaintiff expected some imperfections in the floor, the other evidence presented proves by a preponderance that the floor suffered from more than simple imperfections. It was greatly defective. We find, therefore, with all factors weighed, the ‘adverse inference’ of Mr. Vide’s failure to testify is not fatal to his case, and the trial judge’s factual finding is not manifestly erroneous.
Calmes’ final contention is that the trial court committed manifest error in failing to apply the doctrine of equitable estop-pel as a defense to Vide’s claim. Under La.Code Civ.P. art. 1005, estoppel is an affirmative defense which must be specially pleaded. Louisiana Power and Light v. Mecom, 357 So.2d 596 (La.App. 1st Cir.1978). In the present case, Calmes did not specifically plead estoppel in his answer, nor did he raise the issue of estoppel at any stage in the proceedings. Therefore, the doctrine of estoppel is inapplicable to the instant case.
Therefore, for the above and foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be paid by appellant.
AFFIRMED.