WICKER, Judge.
This appeal arises from a petition filed on behalf of Edmund H. Gilmore, Jr. (Gilmore), plaintiff/appellant, against First National Bank of Jefferson Parish (FNJ) for alleged damages from FNJ’s reported failure to return certain promissory notes pledged to FNJ by Gilmore. The trial court raised the exceptions of no cause of action and no right of action on its own motion and dismissed Gilmore’s petition *1068 with prejudice. Gilmore now appeals. We reverse and remand.
Gilmore alleges the following. He delivered seven promissory notes to FNJ as security for a loan. Two years prior to the filing of the petition he extinguished the obligations secured by the pledged notes. Gilmore has made repeated demands to have FNJ return the seven notes but FNJ has failed to do so.
Gilmore alleges La.Civil Code art. 3167 grants him relief for the loss of the notes. He seeks to recover from FNJ as damages the balance due on the seven notes, interest and costs.
Approximately eleven months prior to trial Gilmore amended the petition seeking additional damages as follows:
attorney’s fees and costs he has incurred or will incur as a result of the actions of defendant in losing the promissory notes. Further, the plaintiff is entitled to compensation for this inconvenience, worry, and impairment of borrowing capacity.
On November 16, 1989 the trial judge heard the exceptions. He stated he would sustain these and rendered judgment accordingly on November 17, 1989.
The trial judge reasoned as follows: Well the Court feels under the circumstances that the bank cannot step into the debtor’s shoes and be responsible for the amount sued for under these notes. That there is remedy granted in the law for a lost note, that the plaintiff in this case could certainly have advertised for it. It certainly doesn’t diminish the obligation that the debtor owes under the note, whether it be a copy of the note or not. Which I’m also told that there are copies of this note available.
* * * * * *
I’m also told that one or two of these debtors, there are seven notes that I’m told, that several of these debtors have filed for bankruptcy. I have difficulty saying that the bank should stand in the shoes of these debtors who have at least filed bankruptcy. I’m also told that one debtor continues to pay the note. And the court questions why should the FNJ be liable for this note that this debtor continues to pay. And I have — I should say that it appears to me that at best what FNJ would be responsible for would be any cost that the plaintiff has incurred as a result of advertising for a lost note, which the law specifically states, and maybe whatever other cost he’s got in order to seek where the original notes are or should be, maybe. And I just have great difficulty not [sic] raising this exception that the plaintiff doesn’t have a right of action or a cause of action against the FNJ to where they should stand in the shoes of these various debtors.
So accordingly, I am going to grant a motion of no right and no cause of action and dismiss the plaintiff’s suit.
Thus, the trial judge granted the exceptions on the basis that Gilmore was not entitled to collect the balance due on the notes from FNJ. He did, however, reason there may be an action for costs incurred for seeking the notes.
Appellant now appeals the adverse ruling and specifies the following errors:
1. The trial court erred in dismissing this matter on peremptory exceptions of no cause of action and no right of action raised upon its own motion, and
2. The trial judge erred in finding that the appellant is not entitled to damages for the loss or conversion of his property by the defendant and that the appellant is not entitled to the value of the notes as his damages.
La.Civ.Code art. 3167 imposes the obligation on a creditor “for the loss or decay of the pledge which may happen through his fault.” See also Franklin v. Bridges Loan & Inv. Co., Inc., 371 So.2d 294 (La.App. 2nd Cir.1979).
As pledgee, FNJ had the obligation “to preserve the pledge against ‘loss or decay’, C.C. 3167, and to return it when the principal obligation is discharged, C.C. 3164.”
Therefore, pursuant to Louisiana Civil Code Articles 3164 and 3167, Gilmore has articulated sufficient allegations to state a cause of action against FNJ. See *1069 Naquin v. American Bank of Luling, 347 So.2d 332, 334 (La.App. 4th Cir.1977), writ denied 367 So.2d 1184 (La.1977). Furthermore, in Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254 (La.1979) at 1255 the Supreme Court held:
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La.Code Civ.P. art. 681. The exception of no right of action raises the question of whether the plaintiff has any interest in enforcing judicially the right asserted, [citations omitted].
We conclude that plaintiffs allegations as pledgor of the promissory notes held by defendant/pledgee sufficiently state a right of action by alleging plaintiff’s pled-gor interest in the notes.
The trial judge evidently believed FNJ had valid defenses against having to pay the entire amount of the indebtedness. He mentioned he was aware some of the debtors had filed bankruptcy and that one debtor still continued to pay the debt. These observations, if correct, are matters of defense for FNJ relative to the issue of quantum of damages rather than the issue of liability under La.Civ.Code arts. 3164 and 3167. Such matters are more appropriately urged on the merits rather than through a peremptory exception of no cause of action. See, e.g. Reconstruction Finance Corp. v. Mickelberry, 189 La. 105, 179 So. 49 (La.1938) and Honeywell, Inc. v. Sierra, 543 So.2d 594 (La.App. 4th Cir.1989) where matters of defense were deemed inappropriate for consideration on exceptions of no cause of action, and no right of action, respectively.
The trial judge was mindful that Louisiana provides a remedy relative to a “lost or destroyed” instrument at La.R.S. 13:3740:
When an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident or force, evidence may be given of the contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable; and in this case, the judge may, if required, order reasonable security to be given to indemnify the party against the appearance of the instrument, in case circumstances render it necessary.
The trial judge evidently concluded plaintiff could mitigate his damages by using the procedure set forth in La.R.S. 13:3740 and 13:3741 [providing for advertisement of the lost instrument].
These issues regarding the quantum of damages go to the merits of a defense on that issue and are inappropriately disposed of on exceptions of no cause of action or no right of action. Mickelberry, supra, Sierra, supra.
Since Gilmore has stated a right of action and a cause of action in accordance with La.Civ.Code arts. 3164 and 3167 the judgment sustaining these exceptions and dismissing his suit with prejudice is reversed and the matter remanded for further proceedings. Costs of this appeal are assessed against the defendant-appellee; other costs are to be assessed after the outcome of the case.
REVERSED AND REMANDED.