820 So.2d 602 (2002)
Gilbert V. ANDRY, III, et al.
v.
The NEW ORLEANS SAINTS.
No. 01-CA-924.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2002.
Rehearing Denied July 19, 2002.
Henry L. Klein, New Orleans, LA, for Plaintiff-Appellant.
Thomas P. Anzelmo, Catherine M. Williams, Metairie, LA, for Defendant-Appellee.
Panel composed of Judges SOL GOTHARD JAMES L. CANNELLA and CLARENCE E. McMANUS.
McMANUS, Judge.
This is an appeal by Gilbert V. Andry, III, plaintiff-appellant, from a summary judgment dismissing his suit against The New Orleans Saints, defendant-appellee, for return of one game's ticket price. For the following reasons we affirm that judgment.
There are no disputed material facts. Prior to the 2000 football season, The New Orleans Saints season ticket packages were for 10 games consisting of two preseason games and eight regular games. In early March, 2000, the organization sent to its season ticket holders a letter setting forth the fee schedule for the upcoming season. This letter was sent prior to the date for payment for season tickets. It clearly informed the ticket holders that because there was to be only one home pre-season game, thus reducing the number of home games to nine, each season *603 ticket holder would receive an extra terrace seat ticket to the first home game. If there were no tickets available for that game, then the ticket holder would receive a ticket to the second home game. The invoice for a season ticket package showed only one total price, rather than a per ticket price. There were no options offered with this package; the fan either bought the package or did not buy the package.
Andry purchased the season ticket package and then sued for return of the value of the extra ticket, which he asserted was about $37.00, and sought class certification for the action. He also alleged that the extra ticket device for the first game resulted in it being a sell-out, thus generating additional TV revenues, and he sought disgorgement to the season ticket holders of those additional revenues as well. There are no allegations that Andry was unaware of the extra ticket device when he paid for the ticket package.
After a number of pre-trial skirmishes the matter was heard on a motion for summary judgment urged by the Saints. The trial judge found that there were no material facts in dispute, that the Saints were entitled to judgment as a matter of law, and that summary judgment was therefore appropriate under La.Code C.C.P art. 966. Andry now appeals.
Andry asserts here that summary judgment was inappropriate in this case because there exists a dispute as to material facts. Specifically, his theory of the case is that the contract compelling him to pay for the extra ticket was adhesionary, i.e. he was compelled to accept an objectionable clause (the extra ticket) in the contract because of the superior bargaining power of the other party, and therefore there was a vice of consent in his acceptance of at least that clause in the agreement. He asserts that because consent involves a subjective state of mind, that issue requires a full trial for resolution.
We note at the outset that contracts have the force of law as between the parties and our courts generally have not acted to relieve parties of bad bargains freely entered into, no matter how harsh, Louisiana Power & Light Co. v. Mecom, 357 So.2d 596 (La.App. 1st Cir.1978). Here, the contract was for nine reserved seat season tickets and one terrace ticket. There are no allegations of fraud or other defects of consent and therefore the contract must be upheld.
Plaintiff asserts that the contract should be considered as adhesionary and the extra terrace ticket clause be set aside. Although Louisiana courts have not generally adopted the theory of contracts of adhesion, in Sutton's Steel and Supply. Inc. v. Bellsouth Mobility, Inc., 2000511, 2000898 (La.App. 3rd Cir.12/13/00), 776 So.2d 589, writ denied, XXXX-XXXX (La.3/16/01), 787 So.2d 316, the court discussed such contracts at length, relying for the most part on a discussion of such contracts found in Saul Litvinoff, Consent Revisited: Offer Acceptance Option Right of First Refusal and Contracts of Adhesion in the Revision of the Louisiana Law of Obligations, 47 La.L.Rev. 699, 757-59 (1987). Litvinoff noted that in modern business practice large companies dealing with numerous customers of necessity use standard form contracts. Typical of these contracts is that they are "take it or leave it" propositions in which the customer has virtually no bargaining power. Also typical is that these contracts contain conditions, usually set out in fine print, to which the weaker party must "adhere" if he wants the object of the agreement. However, adhesion contracts are not per se unenforceable, but rather lend themselves to an inquiry as to whether the weaker party consented to the fine *604 print, and if so whether the adhesionary clause is unduly burdensome or extremely harsh.
In the present case even were we to adopt plaintiffs assertion that this contract should be analyzed as a contract of adhesion he would still not prevail. There was no small print in the agreement, nor is there any real question that the purchasers of the seasons tickets knew or clearly should have known of the extra ticket provision. Further, we agree with the trial judge that there was nothing so burdensome or harsh in the extra ticket provision as to require us to set it aside as unconscionable.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.