. 180 So. 646

In re Liquidation of HIBERNIA BANK &
TRUST CO.

In re INTERVENTION of D. H. HOLMES
CO., Limited.

No. 34587.

March 7, 1938.

Rehearing Denied April 4, 1938.

McCloskey & Benedict, of New Orleans,
for intervener and appellant D. H. Holmes
Co., Limited.

Dufour, St. Paul, Levy & Miceli, E. How-
ard McCaleb, and Anna Judge Veters, all of
New Orleans, for J. S. Brock and others,
in charge of Hibernia Bank & Trust Co.

FOURNET, Justice.

D. H. Holmes Company, Limited, intervened in the liquidation proceedings of the Hibernia Bank & Trust Company to have its note dated March 13, 1933, for $100,000, payable to the order of the bank on June 12, 1933, declared offset against its deposit in the bank and to have the said note returned to it marked paid.

The defense is that the two debts were not equally due and demandable at the time the bank was placed in liquidation on May 20, 1933, and, in reconvention, the Hibernia Bank & Trust Company, in liquidation, prayed for judgment for the balance due on the note, $57,000, with interest and attorney's fees.

There was judgment in the lower court in favor of defendant Hibernia Bank & Trust Company, in liquidation, rejecting intervener's demand and granting defendant's reconventional demand, and it (intervener) has appealed.

It is provided by the Revised Civil Code that, "when two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts," * * * article 2207, and that "compensation takes place * * * by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums," article 2208, but *"compensation takes place only between two debts, having equally for their object a sum of money, * * * which are equally liquidated and demandable,"* article 2209. (Italics ours.) See, also, Brock

et al. v. Pan American Petroleum Corporation, 186 La. 607, 173 So. 121; People's Bank in Liquidation v. Mississippi & Lafourche Drainage District, 141 La. 1009, 76 So. 179.

We deem it unnecessary to narrate the facts, in detail, of this case following the "banking holidays," because we have done so many times in other cases. Suffice it to say that beginning with the morning of March 2 to the time the State Bank Commissioner took over the affairs of the bank for liquidation, on May 20, 1933, it remained on a restricted basis whereby 5 per cent. of the intervener's deposit was made available and the remaining 95 per cent. frozen and unavailable. In the interim, on March 13th, intervener's note for $100,000 matured and was renewed by the execution of a new note for the same amount, payable on June 12, 1933.

The status of intervener's rights, both as a creditor by virtue of its deposit with the bank and as a debtor by virtue of its note due the bank, became fixed from the moment the bank was placed in liquidation and its affairs taken over by the State Bank Commissioner. Thomas v. Marine Bank & Trust Co., 156 La. 941, 101 So. 315; Brock et al. v. Pan American Petroleum Corporation, supra; People's Bank in Liquidation v. Mississippi & Lafourche Drainage District, supra.

But counsel for intervener contend that the obstacle to the compensation in this case —the maturity date of the obligation—was removed by its letter of April 3, 1933, wherein it requested that its note be offset by its frozen account. It is their contention that

the term of an obligation is in favor of the debtor and may be waived by him.

In support of their contention, counsel for intervener, in their brief, quote from article 2053 of the Revised Civil Code as follows: *"The term is always presumed to be stipulated in favor of the debtor."* But this is qualified by the following: *"Unless it result from the stipulation, or from circumstances, that it was also agreed upon in favor of the creditor."* In the instant case all the stipulations in the body of the note are expressly stated to be in favor of the bank, and the evidence conclusively shows that that right has not been waived by the bank. (Italics ours.)

In Daniel on Negotiable Instruments, 7th Ed., it is stated that "payment (of a note) can only be made before maturity by consent of both debtor and creditor," Vol. 3, § 1416, p. 1461; § 1418, p. 1464; and in Corpus Juris, that "the maker of a note has no right to pay the same before maturity without the consent of the holder," Vol. 8, § 840, p. 603.

We therefore conclude that the two debts were not equally due and demandable at the time the bank was placed in liquidation, and compensation did not take place under the express provisions of articles 2207, 2208, and 2209 of the Revised Civil Code.

But it is argued by counsel for intervener that because the note was indorsed in blank by William F. Tutt, assistant cashier, that "the negotiation must have been made by the bank itself, and not by the liquidators. As an endorser, by the terms of the note, it became a party thereto, and the note provides that when any party goes into liquidation, the note automatically matures."

It is evident from a reading of the provisions of the note that the stipulations contained therein and relied upon by counsel were not intended for the benefit of the makers or indorsers, etc.—in the instant case, the maker—but expressly for the bank's.

For the reasons assigned, the judgment of the lower court is affirmed; appellant to pay all costs.

On Application for Rehearing.

PER CURIAM.

Our attention has been called in an application for rehearing in this case to the fact that the quotation from Corpus Juris in our opinion, if completed, would not support the opinion, but instead supports plaintiff's contention. The quotation was not necessary for the decision, and, therefore, the application for a rehearing is refused.

Rehearing refused.