187 So. 51

**BROCK et al. v. BLACK, ROGERS & CO., Limited.**

No. 34939.

Feb. 6, 1939.

On Motion to Correct Decree Feb. 13, 1939.

Rehearing Denied March 6, 1939.

Dufour, St. Paul, Levy & Miceli and Anna Judge Veters, all of New Orleans, for appellants.

P. M. Milner, of New Orleans, for defendant and appellee.

HIGGINS, Justice.

This is an action by the State Bank Commissioner, in charge of the Hibernia Bank & Trust Company, in Liquidation, against Black, Rogers & Company, Ltd., for rent which became due by it after the bank was closed and taken over by the State Bank Commissioner 'for liquidation.

The defendant filed exceptions of no right and no cause of action on the grounds that the petition failed to allege that the bank was insolvent at the time the rent matured, and as the petition affirmatively showed that 'the defendant had on deposit with the bank a sum in excess of the amount of the rent due, the obligation sued upon became extinguished by compensation under Articles 2208 and 2209 of the R. C. C.

The trial judge sustained the exceptions with leave to amend the petition within ten days and the plaintiff appealed. The defendant filed a motion to dismiss the appeal on the same grounds set forth in its exceptions and, in the alternative, answered the appeal, praying that the judgment be affirmed.

The petition alleges that the Hibernia Bank & Trust. Company was taken over by the State Bank Commissioner for liquidation on May 20, 1933, in the matter of "In Re: Liquidation of Hibernia Bank & Trust Company," Number 202–253 of the docket of the Civil District Court, Parish of Orleans; that the defendant had entered into a written lease with the bank for offices 1217–26, Hibernia Bank Building, for the period October 1, 1932, to September 30, 1933, at a monthly rental of $601.50, payable monthly, beginning the first day of October 1932, and on the first day of each and every succeeding month thereafter; that the lease remained in full force and effect; that the defendant occupied the premises during the term of the lease; and that the rent for the months of June, July,

August and September, 1933, due on the first day of each of these months, respectively, at the rate of $601.50 per month, amounting to the sum of $2,406, is past due, exigible and unpaid, subject to a credit of $5, which was paid on account.

It was also alleged that the Bank Commissioner paid a dividend of 43 per cent. to all depositors of the bank on May 20, 1933, and in paying the defendant its pro rata of the dividend, he made an error and overpaid the defendant to the extent of $1,034.-58, which he seeks to recover.

Article 2209 of the R. C. C. sets forth that in order for compensation to take place between two debts for sums of money, they must be "equally liquidated and demandable."

In the case of Brock et al. v. Pan American Petroleum Corporation, 186 La. 607, 173 So. 121, and In re Liquidation of Hibernia Bank & Trust Co., In re Intervention of D. H. Holmes Co., Ltd., 189 La. 813, 180 So. 646, we held that the debts, which were sought to be compensated against the deposit in the liquidating bank, were not "equally liquidated and demandable." The basis of the decisions of this Court in these cases is that the taking over of the property and assets of the bank by the State Bank Commissioner for liquidation deprives the bank of the administration of its property and assets and fixes the rights of all parties and after that moment the bank has no longer the faculty of paying its debts by compensation or otherwise, and the depositor is entitled to only his pro rata share of the assets of the closed bank and only at such time as the State Bank Commissioner may be able to make an equitable distribution of those assets in the form of dividends. The solvency or insolvency of the bank in liquidation is, therefore, immaterial in considering the right of a depositor to offset or compensate against his deposit a debt that he owes the closed bank which becomes due after the State Bank Commissioner took charge of the bank for liquidation. See, also, Thomas v. Marine Bank & Trust Co., 156 La. 941, 101 So. 315; Feliciana Bank & Trust Co. v. City Bank & Trust Co. of Mobile, Ala., 144 La. 389, 80 So. 600; People's Bank in Liquidation v. Mississippi & Lafourche Drainage Dist., 141 La. 1009, 76 So. 179.

Furthermore, under the provisions of Article 2215 of the R. C. C., compensation cannot take place to the prejudice of the rights acquired by third persons. To hold that the compensation took place between a bank deposit and a debt, which became due after the State Bank Commissioner had taken charge of the bank for liquidation, would lead to an unjust and inequitable result, as it would be giving a preference and paying a premium to a defunct bank's depositors, who were indebted to it, since every dollar recovered in compensation by such debtor depositor, in excess of his distributive share, reduces the assets of the closed bank to the detriment of other depositors who owed the bank nothing.

The trial judge, in his reasons, does not discuss the claim for overpayment. It is argued that money paid through error of law cannot be recovered if there was a natural obligation to pay it. R. C. C. Art.

1846. Whatever merit there might be in this contention, if this controversy were between the bank and its depositor, we need not say, because the issue is presented between the State Bank Commissioner as liquidator of the bank, and the depositor, and there was neither a moral nor a natural obligation on his part to overpay this depositor than there would be to overpay any other depositor. In fact, it was his plain legal, moral and natural duty to see that each depositor received his legal pro rata share of the assets of the defunct bank.

For the reasons assigned, the exceptions of no right and no cause of action are overruled, the judgment of the district court is annulled and set aside and the case is remanded to the lower court for further proceedings consistent with the views herein expressed and according to law; appellant to pay the cost of this Court.

On Motion to Correct Decree.

PER CURIAM.

The costs of this Court, through inadvertence, were assessed against the appellant instead of the unsuccessful appellee. This clerical error will be corrected without the necessity of a rehearing. Act No. 229 of 1910, § 2, Dart's Statutes, Vol. 1, Sec. 1977, and Reconstruction Finance Corp. v. Mickelberry et al., 189 La. 105, 179 So. 49. Accordingly, our decree is amended and it is now ordered that the appellee pay the costs of this Court. In all other respects, our original decree is correct.