320 So.2d 572 (1975)
LINDSAY REALTY CORPORATION
v.
Dr. Joseph H. BELLINA et al.
No. 7018.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Rehearing Denied November 11, 1975.
Lee C. Grevemberg, New Orleans, for plaintiff-appellant.
Bronfin, Heller, Feldman & Steinberg, Fred Bronfin, New Orleans, for defendants-appellees.
Before SAMUEL, GULOTTA and BEER, JJ.
*573 GULOTTA, Judge.
This is a suit by a realtor against sellers, owners in indivision of real property, for a real estate commission allegedly earned when plaintiff obtained a ready, willing and able buyer in accordance with the terms and conditions of a listing agreement given to plaintiff realtor by defendant sellers. The sale was never consummated. Plaintiff appeals from an adverse judgment. We affirm.
On August 18, 1972, defendants authorized plaintiff to offer for sale immovable property to Whitlow Motor Company, Inc., for the sum of $500,000.00 on terms of $80,000.00 cash, the balance to be paid monthly over 25 years at an interest rate of 7% per annum. Defendants agreed to pay a real estate commission on the sale or on any transaction that may be negotiated during the existence of the listing agreement which expired on September 17, 1972. On August 31, an offer to purchase for the sum of $450,000.00 was made by Whitlow through plaintiff realtor. This offer was not accepted by the sellers.
On September 12, 1972, a second offer was made by the purchaser for the sum of $500,000.00. This offer contained the right of prepayment without penalty, as did the original offer. The second offer also provided, as requested by defendants, that the act of sale be passed before sellers' notary. Three of the four sellers in indivision signed the acceptance; however, the fourth owner did not.
Thereafter, on September 15, all of the sellers signed the September 12 offer, but not before amending the document. Deleted from this offer were conditions relating to the purchaser's ability (1) to obtain building permits, (2) to obtain location approval by General Motors and approval for General Motors financing, and (3) to obtain a truck dealer's license. Further deletions made by the sellers from the September 12 offer were those stipulations which provided for the payment of a realtor's commission in any circumstance other than upon the consummation of a sale. The document was amended by providing for a 10% penalty on the remaining balance of the loan, in the event purchaser exercised the right of prepayment. As amended by defendants, the September 12 offer (which became a counteroffer dated September 15) was transmitted to plaintiff but was never accepted by the purchaser.
On appeal, it is plaintiff's position that a ready, willing and able buyer was obtained in accordance with the terms of the listing agreement, and that plaintiff is entitled to payment of the earned commission.
Lindsay contends that the September 12 offer incorporated the revisions suggested by sellers, i.e., that the purchase price be $500,000.00, and not $450,000.00 as provided for in the original offer, and that the act of sale be passed before sellers' notary. According to plaintiff, the revised offer to purchaser met the requirements of the sellers' conditions for sale under the listing agreement.
Defendants contend that the September 12 offer obtained by plaintiff contained a prepayment clause without penalty and as such, allows the purchaser to convert the sale from a credit sale (providing longterm payments to the sellers) to a cash sale (providing for a cash pay-out at the time of the act of sale or at any time thereafter). According to defendants, the listing agreement particularly provided for a 25 year payment on terms, because defendants were desirous of providing an annuity for one of the sellers. In answer to plaintiff's position that the listing agreement did not include a prohibition against prepayment and the inclusion of the prepayment clause in the offer did not vary the terms of the agreement, defendants argue that unless the right to prepay is specifically given to the purchaser in the listing agreement, any provision in the offer to purchase providing for prepayment without penalty was contrary to the agreement.
*574 Defendants further contend the offer of September 12 did not conform to the listing agreement since the offer was conditioned upon purchaser's ability to secure building permits, financing and location approval from General Motors and licensing as a truck dealer. According to the Bellinas, plaintiff is not entitled to a commission unless he has secured a purchaser ready, willing and able to buy on vendor's terms in conformity with the listing agreement. Because plaintiff failed to do so, sellers contend plaintiff is not entitled to a commission.[1]
At the outset, we reject plaintiff's argument that purchaser is entitled to the right of prepayment without penalty where there exists no prohibition against prepayment. Although we have found no case dealing with the purchaser's right of prepayment without penalty, it is well settled that the maker of a note has no right to payment before maturity without the consent of the holder. See In Re Liquidation of Hibernia Bank & Trust Co., 189 La. 813, 180 So. 646 (1938); Coco v. Soniat, 144 So.2d 432 (La.App., 4th Cir. 1962). See also LSA-C.C. art 2052. Analogizing the note situation to a real estate transaction, we conclude purchaser does not have the right of prepayment unless that right is specifically given to him. Now turning to a comparison of the September 12 offer with the August 18 listing agreement, we conclude the offer does not conform to the agreement.
In written reasons, the trial judge stated:
"The offers of August 31, 1972, and September 12, 1972, were not in accordance with the agreement which defendants made with plaintiff, as set forth in the contract of August 18, 1972, inasmuch as both documents contained many provisions contrary to the specifically set forth provisions of the August 18th agreement. While it is obvious that had the provisions of the offer of September 12, 1972, been acceptable to the co-owners of the property the commission claimed by plaintiff would have been earned by him in accordance with the agreement of August 18, 1972, the fact remains that these provisions were not acceptable to the co-owners, hence he has not earned his commission."
We agree. Although the listing agreement provided for a credit sale with a long-term pay-out (25 years) and did not contain the right of prepayment, the September 12 offer to purchase afforded the right to the buyer to prepay the entire balance of the said mortgage, at any time, without penalty. Another example of substantial difference between the documents, as pointed out by defendants, is that the September 12 offer is conditioned upon the purchaser's ability to secure building permits, a truck dealer's license and financing approved by General Motors. Other discrepancies, of lesser significance, exist in these documents.
Plaintiff nevertheless suggests that the parties were free to modify the listing agreement by subsequently agreed to amendments. Lindsay points out that the August 18 agreement provides for ". . . any other price, or terms as may hereafter be agreed upon . . ."
While it is true that any subsequent modified agreement for the sale to Whitlow would have entitled plaintiff to a commission, no such agreement was reached. Whitlow never accepted the amended September 15 counteroffer of the purchaser's September 12 offer. According to Whitlow, he did not seriously consider the counteroffer because it contained a penalty in the event he exercised the right of prepayment. It is clear, therefore, *575 no meeting of the minds existed between the prospective purchaser and the sellers. No binding agreement was made. See LSA-C.C. arts. 1766, 1779; McMorris v. Pepperdene, 292 So.2d 892 (La.App., 1st Cir. 1974), writ refused, 294 So.2d 840 (La.1974).
Having concluded no offer was submitted in accordance with the listing agreement and that the amended offer was not accepted, we conclude plaintiff is not entitled to the claimed realtor's commission. The judgment is affirmed.
Affirmed.
NOTES
[1] Adams v. Spillman, 290 So.2d 726 (La.App., 1st Cir. 1974), writ refused, 293 So.2d 191 (La.1974) and Landry & Passman Realty, Inc. v. Keen, 170 So.2d 775 (La.App., 1st Cir. 1964).