SAVOIE, Judge.
In this case Mr. Agustín Membreno contracted to buy from Mr. L. B. Ponder, Jr. a certain parcel of land. The contract, styled “Agreement to Purchase or Sell” and signed by both these gentlemen on April 14, 1979, provides as follows:
“We offer and agree to purchase/sell property located in 8th Ward, Tangipahoa Parish, La. in Sec. 38-T 7 S R 9 E on Community Center Road. Borders Creek in rear. On grounds measuring about 8 acres more or less or as per title.”
The described property was to be sold for $26,000.00 with reservation of all mineral rights to the seller. The Act of Sale was to be passed on or before June 19, 1979. Mr. Ponder maintains that he holds title to 12.-96 acres of land in a single tract in the area described, of which he intended to sell only eight. He has offered to transfer the over-plus to Mr. Membreno at the rate of $3,000.00 per acre. Mr. Membreno says that he has the right, under the contract mentioned above, to purchase the whole tract for $26,000.00. Because of this disagreement, Mr. Ponder did not present himself in the notary’s office on the day specified for passing the act of sale, and this lawsuit resulted.
The trial judge found that Mr. Ponder contracted to sell the entire tract at the stated price and ordered specific performance of that contract, from which ruling Mr. Ponder has taken this appeal, complaining of five distinct errors in the judgment below. Finding no merit in any of appellant’s arguments, we affirm the judgment of the trial court.
ERROR I
Under this head, appellant lists five different errors, labeled “a” through “e”, which have it in common that they are all objections to the binding force of the “Agreement to Purchase or Sell”.
According to “a” the description of the property in the contract is too vague and indefinite to give rise to a binding agreement. We agree with the trial judge that the description already quoted evinces the intent to sell all the land the seller owned under a single title at the location specified. The description understates the area of the tract intended to be sold, but considering the irregular shape of the tract, particularly the fact that it is bordered on one side by a meandering creek, uncertainty about its area alone is not enough to create a fatal uncertainty as to the object of the contract. Especially is this so when we consider that the tract sold is described as lying “On grounds measuring about 8 acres more or less or as per title” (emphasis ours). The title referred to exists and gives an exact description of the land in question.
Objection “b” reiterates the claim that since the contract in question specifically calls for the sale of 8 acres of land, the seller cannot be bound thereunder to deliver 12.96 acres. The answer to this is to repeat *1259 that the language of the agreement does not call for the transfer of eight acres of land; rather, it calls for the transfer of a tract of land “On grounds measuring about 8 acres more or less or as per title” (emphasis again ours) so that if the title in question covers 12.96 acres of land, the plain language of the contract obliges the seller to deliver all of it.
Objection “c” states “The agreement provided for the payment of $6,000.00 cash and the balance secured by a mortgage”. Exactly what difficulty appellant has with this provision is not expanded upon. Clearly, he has no room to complain that it was not fulfilled, since it was he who stayed away from the place where the act of sale was to be passed on the day set for that purpose. The agreement provides that there will be “no penalty for prepayment”. Plaintiff’s exhibit 3 is Agustín Membreno’s cheek for the full purchase price of $26,-000.00 drawn to his attorneys, Curet & Cu-ret, dated June 19,1979, the date set for the closing, and showing that Mr. Membreno was prepared to pay the entire sum due on that date.
Objection “d” notes that the cash deed prepared by Curet & Curet in anticipation of the closing (Defense Exhibit 1) does not contain the contracted-for reservation of all mineral rights to the seller. This is true, but there is no evidence, aside from this, that Mr. Membreno ever claimed a right to the minerals on this property. The reservation of rights could have been added to the deed in a few seconds at the closing, had Mr. Ponder lived up to his obligation to appear there.
Objection “e” complains that the contractually stipulated deposit of $2,600.00 was never paid by Mr. Membreno. It is sufficient answer to this that the contractual language which calls for immediate deposit of 10% of the purchase price also provides that “failure to do so [to make the deposit] shall not void this agreement”. Besides, there is no evidence that the deposit was ever demanded.
ERROR II
Here, the appellant objects that the description of the property in the buy /sell agreement is too vague to permit specific performance. We are not persuaded that this is a different argument than the one already made to the effect that the alleged vagueness of the description destroyed the obligation of the contract. Exxon Corp. v. Barry, 384 So.2d 826 (La.App. 4th Cir. 1980) is cited for the proposition that courts will not order specific performance of a contract absent a specific description of the object of the contract. In that case the defendants had contractually agreed to grant a servitude on the southwestern corner of their land. The land in question, however, formed a sort of polygon with no point which could be said to be the southwestern corner. Therefore, the contract was held to be void. Here, despite appellant’s strenuous efforts to show otherwise, it is perfectly plain what property was intended to be sold.
ERROR III
Here, the appellant complains of the trial judge’s alleged finding that this sale was “per aversionem”, that is, a sale “when the object is designated by the adjoining tenements, and sold from boundary to boundary” as set out in Civil Code Article 2495. The cases of Adams v. Spillman, 290 So.2d 726 (La.App. 1st Cir. 1974), Writs refused, 293 So.2d 191 (La.1974), and Office Center, Inc. v. Tanenbaum, 225 So.2d 740 (La.App. 4th Cir. 1969) are cited to support appellant’s argument. We agree with the appellant that this sale, where there was only one boundary (the creek) specified in the contract of sale, was not one “per aver-sionem”. Instead, since the contract before us stipulates a lump sum for the whole tract, it is reasonably clear that this sale is governed by Civil Code Article 2494, i.e., it is a sale of a specific immovable for a lump sum. In such cases, the article specifies “... the expression of the measure gives no room to any supplement of price, in favor of the seller, for the overplus of the measure”. It is just such an overplus that concerns us in this case, and the appellant’s attempt to *1260 obtain a supplement of the price is made in the teeth of Article 2494.
ERROR IV
Under this head are combined several objections to the judgment below which are not clearly distinguished from one another.
First, it is again repeated that the written buy/sell agreement calls for the transfer of only 8 acres of land, not 12.96 acres. This has already been answered.
Then, it is suggested that the trial court was improperly influenced by the testimony of real estate agent, Stella Delatte; and that her testimony constitutes parol evidence which should not be permitted to alter the plain meaning of the written contract. It is true that the sworn testimony of Mrs. Delatte flatly contradicts that of Mr. Ponder. She says that he authorized her to sell the entire tract owned by him on Community Center Road, believed by him to consist of eight acres of land:
“We were selling a piece of land for $26,000.00. It was not surveyed, and we didn’t know how much it was but he thought it was, we thought it was about eight acres of land. Because of the creek in the back you couldn’t really determine how much it was.” (Tr. page 30)
Mr. Ponder says he always knew he had more than eight acres there and always intended to sell only a portion of the tract:
“Mrs. Delatte approached me and said she had a party who was interested in purchasing some land at Bedico Community. And I told her that I had this property there 12.96 acres. And she said she had a purchaser for eight acres ...” (Tr. page 35)
Fortunately, it is unnecessary to discuss which of these stories is the more credible, because the buy/sell agreement is in writing and plainly transfers the land held by Mr. Ponder at the described location as per title.
Finally, the case of Harries v. Harang, 23 So.2d 786 (La.App. 1st Cir. 1945) is cited for the proposition that a buyer cannot claim more land than is specified in the contract of sale. But in that case there was really no discrepancy between the title given in the act of sale and the quantity of land expressly stated therein. There, the contract specified 12 acres and the title described a twelve acre tract. The buyer claimed a right to nearly twenty acres, saying that he was led to believe he was buying all the land enclosed by certain fences. This claim was properly rejected. That case has no application here.
ERROR V
It is expremely difficult to get a clear understanding of appellant’s argument here. Apparently, he is contending that the buyer defaulted on the agreement in one or several respects. We reject this contention, noting, as before, that the buyer was prepared to pay the whole price stipulated in the contract on the date therein established for transferring title. The case of Lindsay Realty Corporation v. Bellina, 320 So.2d 572 (La.App. 4th Cir. 1975) cited by appellant, concerns a sale never consummated because the prospective buyer and the sellers were unable to agree upon the terms. It does not have any bearing on the present case.
For reasons assigned, the judgment below is affirmed. Appellant is to pay all costs.
AFFIRMED.