509 So.2d 442 (1987)
Thomas Earl SPILLMAN
v.
Barbara Wilkinson SPILLMAN and William P. Raborn.
No. CA 85 1513.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
As Amended on Denial of Rehearing July 1, 1987.
Stanley E. Branton, St. Francisville, for plaintiff-appellant.
Robert L. Raborn, Baton Rouge, for defendant-appellee.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
This is a suit for declaratory judgment instituted by the plaintiff against the holders of his mortgage seeking to prepay the mortgage indebtedness without the consent of the holders. The trial court granted a motion for summary judgment in favor of the defendants; thereby, denying the plaintiff's request to prepay the mortgage note. The plaintiff appeals contending that the trial court erred in ruling that a mortgagor does not have a legal right to prepay a mortgage note without the consent of the holder of the note.

FACTS:
Plaintiff, Thomas Earl Spillman, purchased from John Davis Spillman approximately 1,100 acres of land situated in West Feliciana Parish, Louisiana, on June 14, 1974. In connection with the sale, the plaintiff executed a promissory note in the amount of $290,919.00 and placed a mortgage on the property in favor of John Davis Spillman.
In 1982, John Davis Spillman died, and according to the terms of his last will and testament, his widow, Barbara Wilkinson Spillman, was placed in possession of an undivided one-half (½) interest in the mortgage note and a trust was established and vested with the ownership of the other one-half (½) interest. The brothers and sisters of John Davis Spillman, were designated *443 as the principal beneficiaries of the trust and Barbara Wilkinson Spillman was designated as income beneficiary.
On April 30, 1985, the plaintiff, by letter of counsel, attempted to reach an agreement with Barbara Wilkinson Spillman with respect to her acceptance of $111,103.00 as the pay-off balance of one-half of the mortgage note. By letter dated May 8, 1985, Mrs. Spillman refused to accept the amount and cancel the mortgage.
The plaintiff then attempted to obtain the consent of principal beneficiaries of the trust to accept payment of the discounted sum of $65,000.00 for release and cancellation of the other one-half of the mortgage. By letter dated May 2, 1985, the consent of Earl Wayne Spillman, Annie Bea Spillman Hood, Geraldine Kaigler and Christopher E. Smith was obtained. On May 9, 1985, the consent of Edward Spillman was obtained and on March 14, 1985, Michael W. Smith consented to the offer of $65,000.00. However, the income beneficiary, Barbara Wilkinson Spillman, and one of the trustees of the trust, William P. Raborn, refused to accept payment of $65,000.00 for release of one-half of the mortgage.
On October 28, 1985, the trial judge rendered summary judgment in favor of the defendants, Barbara Wilkinson Spillman and William P. Raborn, dismissing the plaintiff's petition.

ASSIGNMENT OF ERROR:
The plaintiff contends the trial court erred in ruling that a mortgagor does not have the legal right to prepay a mortgage note without the consent of the holder of the note. For the following reasons, we agree; thereby reversing the motion for summary judgment rendered in favor of the defendants.

FINDING:
It is well settled in Louisiana jurisprudence that a mortgage is a contract between the parties. La.Civ.Code art. 1913. The promissory note is likewise a contract between the parties and is to be enforced according to the tenor of its terms. It is clear in the instant case, that neither the mortgage nor the promissory note contain any provisions regarding the prepayment of the note prior to its maturity. For this reason the general civil code articles on obligations shall prevail.
The mortgage and the promissory note executed by Thomas Earl Spillman contain an implied term allowing for payment on a monthly basis until the balance is paid. In the absence of evidence to the contrary, a term is presumed to benefit the obligor, Thomas Earl Spillman. La.Civ.Code art. 1779 (former article 2053). According to La.Civ.Code art. 1780, the party for whose exclusive benefit a term has been established may renounce it.
The appellee cites the case of In Re: Liquidation of Hibernia Bank & Trust Company, 189 La. 813, 180 So. 646 (La. 1938) for the proposition that the maker of a note could not prepay the note unless the holder consented. However, in Hibernia, the court cited a former Civ.Code art. 1053, and stated that a term in an obligation is presumed to benefit the obligor unless the agreement or the circumstances show that it was intended to benefit the obligee or both parties (emphasis added). After examining the note, the Supreme Court found that all the stipulations in the obligation were expressly stated to be in favor of the bank (obligee) and the evidence conclusively showed that the right had not been waived by the bank. Since the term was found to be in favor of the obligee, the obligor could not renounce it without the obligee's consent.
In Castano v. Bellina, 503 So.2d 195 (La.App. 4th Cir.1987), the maker of a note sought to have a prepayment penalty returned when the penalty was not provided for in the note. The note provided for a nine percent annual interest with principal and interest to be paid in 180 monthly installments. The note made no provision for prepayment. The makers sought to pay off the principal amount prior to maturity. The payee agreed to accept the prepayment only if the makers paid a five percent penalty. The court in Castano at page 4 held that the makers of the note could renounce the term of the note and would not be required to pay a penalty *444 when the note did not provide for such penalty. Therefore, in Castano, the holder of the note was allowed to prepay the note without the consent of the payee even when the note did not contain a prepayment clause.
There are no express stipulations or other circumstances in the promissory note or mortgage executed by Thomas Earl Spillman to indicate that the term was to benefit anyone other than himself. On the contrary, the stated interest rate in the promissory note was only 4 percent which presumably was to benefit the obligor, Thomas Earl Spillman.
Since the mortgage and the promissory note do not contain any provision regarding prepayment of the debt and there do not exist any circumstances rebutting the presumption that the term was intended to benefit the obligor, we reverse the summary judgment granted by the trial judge in favor of the defendants.
REVERSED AND REMANDED.