965 So.2d 879 (2007)
Martin A. SMITH, Jr.
v.
Brian ALBRECHT, Chris Albrecht and Lyndel Blappert.
No. 2006 CA 2072.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
*880 David Anthony Dalia, New Orleans, Counsel for Appellants Brian Albrecht, Chris Albrecht and Lyndel Blappert.
Lloyd R. Walters, Slidell, Counsel for Appellee Martin A. Smith, Jr.
Before: PETTIGREW, DOWNING and HUGHES, JJ.
DOWNING, J.
Brian Albrecht, Chris Albrecht, and Lyndel Blappert, defendants-appellants, appeal a judgment in favor of Martin A. Smith, Jr., an attorney who had filed suit against them to recover attorney fees. The trial court entered judgment against the defendants, ordering them to pay Mr. Smith's fees together with costs and attorney fees for prosecution of Mr. Smith's claim. For the following reasons, we affirm the judgment insofar as it awards Mr. Smith his fee, but we reverse and vacate the judgment insofar as it awards attorney fees for the prosecution of Mr. Smith's claim.

FACTS AND PROCEDURAL HISTORY
The defendants had hired Mr. Smith as their attorney in April 1997 to complete an act of sale and to convert the eight apartments on the purchased property into condominiums. They verbally agreed on a fixed fee of $3,000.00. Later in April, Mr. Smith's title abstract revealed unacceptable restrictions that could make the title unmarketable. Mr. Smith attempted to cure this defect over the next several months, but was ultimately unsuccessful. In August 1997, Mr. Smith issued an opinion that title to the property was unmarketable.
The defendants then sought to cancel their offer of purchase with the seller, obtain a return of their deposit, and receive reimbursement for their costs and attorney fees. This dispute was settled by the seller refunding the defendants' deposit, paying them the stated amount of Mr. Smith's invoice$2,994.00,[1] and reimbursing certain costs.
Subsequently, in August 2000, Mr. Smith filed an action entitled "PETITION ON OPEN ACCOUNT . . ." asserting that the defendants owed money on an open account in the amount of $2,949.00 and praying for a judgment in this amount together with legal interest, costs, and attorney fees.
At the trial of the matter, the trial court awarded $2,949.00 as prayed for. It also awarded interests, costs, and attorney fees *881 in the aggregate amount of $14,413.00 for prosecution of Mr. Smith's claim against the defendants.
The defendants now appeal, asserting twelve assignments of error. The first five challenge the characterization of the defendants' financial arrangement with Mr. Smith as being an open account. The sixth and twelfth assignments of error contain assertions that the amount of attorney fees awarded is unreasonable. The defendants claim in their seventh assignment of error that no relief can be awarded because open account is the only theory of relief Mr. Smith argued, and no relief can be granted under this theory. In their eighth and ninth assignments of error, defendants allege the trial court erred in awarding attorney fees for defense of their malpractice claim against Mr. Smith. In their tenth assignment of error, they allege the trial court erred in allowing testimony from another attorney which was subject to the attorney-client privilege. In their eleventh assignment of error, defendants assert that the trial court erred in allowing only one of the three defendants to participate in the trial.[2]

DISCUSSION
We find merit in the defendants' argument that their agreement with Mr. Smith was for a fixed fee for legal services and not for an open account. Accordingly, we vacate the awards of attorney fees in the amounts of $12,235.00 and $2,178.00, totaling $14,413.00 for prosecution of Mr. Smith's claim for his fees. In all other respects we affirm the judgment.

Attorney Fees for Prosecution of Mr. Smith's Claim
While open accounts can include debts incurred for professional services, see La. R.S. 9:2781 D, it does not follow that contracts for professional services are necessarily open accounts.[3] As this court discussed in Signlite, Inc. v. Northshore Service Center, Inc., 05-2444, p. 5 (La.App. 1 Cir. 2/9/07), 959 So.2d 904, 907, our jurisprudence distinguishes between open accounts *882 and conventional obligations. A conventional obligation is significantly different from an open account. While an open account is a contract, "[a]n `open account,' . . ., is an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings, and services are recurrently granted over a period of time." Id.
Here, Mr. Smith testified that he verbally agreed to perform the agreed services for a fixed fee. Documentary evidence supports this understanding. Accordingly, while the trial court did not specifically find that an open account existed, it is apparent that it considered the matter to be on open account. The trial court was legally wrong in doing so. Therefore, Mr. Smith may not avail himself of La. R.S. 9:2781's provisions for the recovery of attorney fees for the prosecution and collection of the defendants' debt.
Under Louisiana law, attorney fees are not allowed except where authorized by statute or contract. Whiddon v. Livingston Parish Council, 04-1126, p. 5 (La. App. 1 Cir. 5/6/05), 915 So.2d 863, 866. Since there is no pertinent statute or any contract providing for the collection of attorney fees, such fees are not awardable here. Accordingly, we will reverse and vacate the judgment insofar as it awards attorney fees for the prosecution of Mr. Smith's action against the defendants.

Mr. Smith's Fee
The defendants argue that Mr. Smith is entitled to no fee because the only cause of action he asserts is one on open account. We disagree. "Louisiana remains a fact pleading state and `[n]o technical forms of pleading are required.' La. C.C.P. art. 854[.]" (Other citations omitted.) Gulfstream Services, Inc. v. Hot Energy Services, Inc., 04-1223, p. 7 (La.App. 1 Cir. 3/24/05), 907 So.2d 96, 101, writ denied, 05-1064 (La.6/17/05), 904 So.2d 706. Thus, our threshold inquiry is whether Mr. Smith has pled or raised without objection a cognizable claim for his fees. See Id.
Within his claim on open account, Mr. Smith has consistently asked that he be paid the value of his services. While the defendants claim that they instructed him to stop work when the title defect appeared in April 1997, the trial court found otherwise. Based on the evidence in the record, this finding was not manifestly erroneous. Rather, the record shows that Mr. Smith continued to work diligently to cure the title defect through early August 1997, when he issued an opinion letter concluding that title to the subject property was unmarketable. The record shows continued contact between Mr. Smith and the defendants during this period. In its oral reasons, the trial court specifically found that "in an effort to accomplish the request of the clients, I believe that Mr. Smith acted reasonably in attempting to cure the title." The trial court then found that all Mr. Smith's actions were reasonable and that, among its other awards, his original invoice was due. It then awarded judgment in the amount of the invoice, $2,949.00.
The pleadings and evidence support a recovery for Mr. Smith in quantum meruit. Louisiana's civil law recognizes the equitable doctrine of quantum meruit, based on the concept that one who benefits by the labor and materials of another should not be unjustly enriched thereby. Ricky's Diesel Service, Inc. v. Pinell, 04-0202, p. 5 (La.App. 1 Cir. 2/11/05), 906 So.2d 536, 539. "Under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract therefor." Id.
*883 Here, the defendants have benefitted from Mr. Smith's labor in that they learned the marketability of the property they wished to purchase. Moreover, his title opinion was the basis for the defendants' recovery of their deposit, costs, and attorney fees, which they declined to pay to Mr. Smith. Accordingly, the trial court did not err in finding that all Mr. Smith's actions were reasonable and that he was due the amount he billed, which amount was less than the agreed fixed fee. We will affirm the judgment fixing Mr. Smith's fee at $2,949.00.
Because of our disposition of these matters, we pretermit discussion of the defendants' other assignments of error. We note, however, that all parties have a fundamental right to participate in their trials.

DECREE
For the foregoing reasons, we reverse the judgment of the trial court insofar as it awards attorney fees for the prosecution of Mr. Smith's claims in two separate awards of $12,235.00 and $2,178.00, totaling $14,413.00. In all other respects, we affirm the judgment of the trial court. Costs of this appeal are to be split, with the defendants paying one-half and Mr. Smith paying one-half.
REVERSED AND VACATED IN PART; AFFIRMED IN PART.
NOTES
[1] This sum does not reflect a $35.00 credit. Mr. Smith actually billed $2,949.00, the amount prayed for in the petition.
[2] Also before us is the defendants' "Motion For Reconsideration Of Ex Parte Order." They ask us to reverse our order allowing a correction in Mr. Smith's brief to recognize that Mr. Brian Albrecht was designated as the "contact person" rather than the "contract attorney." We deny this motion because the distinction is one in phraseology that makes no difference and has no bearing on our resolution of this matter.
[3] Louisiana Revised Statutes 9:2781 provides as follows, in pertinent part:

§ 2781. Open accounts; attorney fees; professional fees; open account owed to the state
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
* * * *
D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.