McDONALD, J.,
dissents in part and agrees in part and assigns reasons.
|/The majority is correct in granting the motion to strike portions of the appellant brief and I agree with the majority that sanctions cannot be imposed under LSA-C.C.P. art. 863 at the appellate level. I also agree with the majority in affirming the decision of the trial court to deny Badeaux’s reimbursement claim for legal expenses incurred in pursuing the reimbursement claim.
However, the majority and I part company on the substantive issues, particularly the issue of reimbursement for expenses and costs incurred by the mandatory as attorney fees and legal expenses. Civil code art 3030 provides that the mandatory is bound to complete an undertaking he had commenced at the principal’s death if delay would cause injury. I do not believe that this article provides support for the result reached by the majority in finding that Badeaux was bound to complete the mandate by defending and protecting the decedent’s wishes after her death by litigating the validity of the mandate.
Next, this court examines Fernandez’s contention that Badeaux is requesting unauthorized attorney’s fees from the decedent’s succession. It is beyond dispute that attorney’s fees are not available in Louisiana unless specifically provided for in a contract or by statute. Smith v. Albrecht, 965 So.2d 879, 882 (La.App. 1 Cir. 6/08/07). In spite of the law established by civil code article 3024(1) and the fact recognized in this opinion that the mandatory relationship terminated at the death 12of the principal, the majority opinion finds that the decedent’s succession is now the “principal” in the mandate rela *357 tionship. No law or jurisprudence is cited to support this finding. I find no law or jurisprudence that would validate this proposition. Additionally, the facts do not indicate that the succession representative entered into a mandatory relationship with Badeaux. 1 do recognize that even though the succession is not the principal in a mandatory relationship with Badeaux it could be held legally responsible for expenses in accordance with La. Civü Code art. 3012 because it is responsible for the debts of Badeaux’s principal, who is now deceased. However, article 8012 is not applicable here because the attorney’s fees, characterized as expenses, were not incurred in the performance of the mandate.
I do not believe that Civil Code article 3013, providing that the principal is bound to compensate the mandatory for loss sustained as a result of the mandate, is applicable. The reimbursement for attorney’s fees requested here is not a loss incurred as a result of the mandate. Badeaux incurred these attorney fees because he chose to defend the acts he took as a mandatory, however, he had no legal obligation to do so and had no personal liability. While it may appear to be just to pay the legal fees Badeaux incurred in defending actions taken on behalf of his principal, I do not believe it is lawful. There is no statute or contract in this case providing for attorney’s fees.
In this case, I also do not believe it is just. The actions taken by Mr. Badeaux that were the subject of the litigation benefited him personally. The issues in those underlying lawsuits are not before us, and the facts are not part of this record. However, there is no doubt he had a personal interest in the matters, and regardless, he had no legal obligation to insure that the “decedent’s wishes” were respected. I respectfully dissent in the decision of the majority to affirm the | ¡¿judgment awarding attorney fees as “expenses and charges” and in awarding interest on this amount.