STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 CA 0694

ROBERT C. LEHMAN

VERSUS

TOMMY BENASCO AND
BENASCO CONSTRUCTION LLC

Judgment Rendered: **FEB 0 8 2024**

* * * * *

ON APPEAL FROM THE
TWENTY-SECOND JUDICIAL DISTRICT COURT, DIVISION C
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 2011-13533

HONORABLE RICHARD A. SWARTZ, JUDGE PRESIDING

* * * * *

Robert C. Lehman
Mandeville, Louisiana

Plaintiff-Appellant
In Proper Person


Julie M. Knight
Covington, Louisiana

Attorney for Defendant-Appellee
Tommy Benasco

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

*Theriot, J. Dissents with reasons*

**GREENE, J.**

In this appeal, an attorney challenges a judgment denying his motion for additional attorney fees against a former client. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2007, Tommy and Joanne Benasco hired attorney Robert Lehman to represent them in a suit against their homeowner's insurer for storm-related damage to their residence in Slidell, Louisiana. The Benascos paid Mr. Lehman on an hourly basis for his services. After settling the damage claim, the Benascos decided to pursue a bad faith claim against their insurer for its alleged improper handling of the damage claim. In April 2009, they signed a contingency fee contract with Mr. Lehman to represent them in pursuing the bad faith claim, wherein they agreed to give him a 50% interest in their claim against the insurer.

The Benascos and their insurer later settled the bad faith claim for approximately $60,000.00. The Benascos received the settlement proceeds in November 2010 but did not pay Mr. Lehman the agreed-upon 50% contingency fee. Mr. Benasco alone eventually executed a promissory note payable to Mr. Lehman for the unpaid fee in the amount of $30,035.00, plus interest, wherein he agreed to pay Mr. Lehman $1,776.24 per month for eighteen months. The promissory note also required Mr. Benasco to pay reasonable attorney fees and costs, in the event Mr. Lehman was required to take action to enforce any requirement of the note. Mr. Benasco paid the first payment on the note, but his second payment was returned for insufficient funds, and he made no payments thereafter. By letter dated March 25, 2011, Mr. Lehman asked Mr. Benasco to address the nonpayment, but Mr. Benasco did not respond.

In June 2011, Mr. Lehman filed the current suit against Mr. Benasco for payment of the unpaid balance on the promissory note.[1] On October 26, 2011, the trial court signed a judgment finding Mr. Benasco liable to Mr. Lehman for $30,035.00 (the amount of the note), less a payment of $1,776.24, plus interest, costs, and attorney fees of 25%

---

[1] Mr. Benasco made his single payment on the promissory note with a check drawn on the bank account of Benasco Construction, LLC. Mr. Lehman named Benasco Construction, LLC as a defendant in the June 2011 suit, but the trial court later granted Benasco Construction, LLC's exception of no cause of action and dismissed it from the suit.

2

of the amount owed.[2] In 2012, the Benascos filed for bankruptcy protection and sought to have the debt owed to Mr. Lehman discharged. In June 2013, the bankruptcy court signed a judgment finding the debt owed to Mr. Lehman was non-dischargeable under applicable bankruptcy law, because the Benascos defrauded Mr. Lehman and never intended to pay him his 50% contingency fee for handling their bad faith claim against their insurer. *In re Benasco*, No. 12-10198 (Bankr. E.D. La. June 14, 2013), 2013 WL 2949138.

On October 14, 2015, Mr. Lehman filed a motion in the current suit seeking an award for attorney fees he incurred in the bankruptcy litigation. He attached his own affidavit attesting that he paid a bankruptcy attorney $12,390.00 in legal fees to litigate whether the Benascos' contingency fee debt to him was dischargeable. In response, Mr. Benasco opposed Mr. Lehman's motion and filed exceptions raising objections of prescription and improper use of summary proceedings. After a hearing, the trial court rejected Mr. Lehman's argument that his suit was an action on an open account for which he could claim statutorily authorized post-judgment attorney fees under La. R.S. 9:2781. Rather, the trial court found Mr. Lehman's suit was an action on a promissory note for which no statute allowed post-judgment attorney fees. The trial court signed a judgment on October 11, 2018, denying Mr. Lehman's motion for additional attorney fees and ruling that Mr. Benasco's exceptions of prescription and improper use of summary proceedings were moot in light of the denial of the motion. Mr. Lehman appealed the October 11, 2018 judgment.

This Court twice remanded the matter to the trial court for a final, appealable judgment. *Lehman v. Benasco*, 2019-0779 (La. App. 1 Cir. 2/26/20), 2020 WL 913508, *2; *Robert C. Lehman v. Tommy Benasco and Benasco Construction LLC*, 2023-0694 (La. App. 1 Cir. 11/16/23) (unpub'd order). Ultimately, the trial court signed a valid, final judgment on December 4, 2023, denying Mr. Lehman's motion for additional attorney fees, dismissing his claim for such in its entirety, and ruling that Mr. Benasco's exceptions

---

[2] On April 7, 2021, the trial court signed a Judgment of Revival ordering that the October 26, 2011 judgment was revived and ordering that it shall have full force and effect for 10 years from the date signed.

3

of prescription and improper use of summary proceedings were moot in light of the denial of Mr. Lehman's motion.

Mr. Lehman appeals the adverse judgment. In a single assignment of error, he contends the trial court erred in failing to award him additional attorney fees incurred in the bankruptcy litigation. He contends that the October 26, 2011 judgment awarded him $30,035.00 for unpaid legal services, that La. R.S. 9:2781 defines an "open account" as including a debt owed for legal services, and as such, La. R.S. 9:2781(F) allows him to collect the post-judgment attorney fees associated with enforcement of the October 26, 2011 judgment.

## RECOVERY OF POST-JUDGMENT
## ATTORNEY FEES IN ACTION ON OPEN ACCOUNT

Under La. R.S. 9:2781(A), when a person fails to pay an open account within 30 days after the claimant sends written demand correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees when judgment in the claimant's favor is rendered. Under La. R.S. 9:2781(D), an "open account" includes:

> [A]ny account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services.

Although La. R.S. 9:2781 allows for the recovery of attorney fees on an open account, the statute is penal in nature and must be strictly construed. *Louisiana Machinery Company, LLC v. Bihm Equipment Co.*, 2019-1081 (La. App. 1 Cir. 8/10/21), 329 So.3d 317, 324. While an open account can include debts incurred for legal services, it does not follow that contracts for legal services are necessarily open accounts. *See Smith v. Albrecht*, 2006-2072 (La. App. 1 Cir. 6/8/07), 965 So.2d 879, 881. A contract does not become an open account simply because there is a balance due under that agreement. *Louisiana Machinery*, 329 So.3d at 327 (finding an equipment lease agreement providing for monthly payments on an undetermined total amount due was not an open account entitling lessor to attorney fees under La. R.S. 9:2781).

4

In this case, as statutorily allowed by La. R.S. 37:218,[3] Mr. Lehman and the Benascos executed a written contingency fee contract whereby the Benascos agreed to give Mr. Lehman a 50% interest in their bad faith claim against their insurer. The attorney fee contract itself became the law between the parties provided that its provisions complied with La. R.S. 37:218. *Dickerson v. Scholvin*, 261 So.2d 110, 112-13 (La. App. 4 Cir. 1972). When the Benascos failed to pay the contingency fee, Mr. Lehman had a cause of action for breach of contract against them.[4] *See Knapp v. State Farm Mut. Auto. Ins. Co.*, 2012-0032 (La. App. 1 Cir. 9/21/12), 2012 WL 4335401, *7, *writ denied*, 2012-2584 (La. 1/18/13), 107 So.3d 636, and *Jumonville v. White*, 2007-2589 (La. App. 1 Cir. 5/8/08), 992 So.2d 1044, 1048 (both finding that attorney's claim for unpaid contingency fee was breach of contract claim, not open account claim as contemplated by La. R.S. 9:2781). Rather than filing the breach of contract action, Mr. Lehman had Mr. Benasco execute a promissory note for payment of the contingency fee. And, when Mr. Benasco did not pay the promissory note in full, Mr. Lehman elected to file this suit against him on the promissory note. *See* La. R.S. 10:3-310(b)(3).[5]

A promissory note is a contract between the parties and is to be enforced according to its terms. *Spillman v. Spillman*, 509 So.2d 442, 443 (La. App. 1 Cir.), *writ denied*, 513 So.2d 1207 (La. 1987). The promissory note signed by Mr. Benasco specifically included his agreement to pay reasonable attorney fees in the event Mr. Lehman was required to take action to enforce any requirement of the note. Mr. Lehman successfully prosecuted his suit on the promissory note, and the trial court's October 26, 2011 judgment included

---

[3] Louisiana Revised Statutes 37:218 pertinently provides:

> A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property.
>
> ...
>
> B. The term "fee", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

[4] Mr. Lehman also could have created a privilege for his fee by recording the contingency fee contract in the pending suit against the Benascos' insurer. *See* La. R.S. 37:218(A).

[5] Under La. R.S. 10:3-310(b)(3), if a note is dishonored and the obligee of the obligation for which the instrument was taken is the person entitled to enforce the instrument, the obligee may enforce either the instrument or the obligation.

an award of attorney fees, as provided by the terms of the note. The trial court's rendition of the October 26, 2011 judgment completed the action Mr. Lehman was required to take "to enforce any requirement of [the] note." However, the promissory note did not specifically bind Mr. Benasco to pay any further attorney fees, such as those Mr. Lehman incurred in the bankruptcy litigation. Nor did the promissory note become the basis for an open account simply because Mr. Lehman obtained a judgment for the balance due under the note. *See Louisiana Machinery*, 329 So.3d at 327. To construe "open account" as used in La. R.S. 9:2781 to include the failure to pay a promissory note would violate the principle that statutes providing for attorney fees are penal in nature and must be strictly construed. *Id.* Thus, we conclude the trial court did not err in denying Mr. Lehman's motion for additional attorney fees.

## CONCLUSION

For the foregoing reasons, we affirm the December 4, 2023 judgment, denying Robert C. Lehman's motion for an award of additional attorney fees. We assess costs of the appeal to Robert C. Lehman.

**AFFIRMED.**

# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### NO. 2023 CA 0694

### ROBERT C. LEHMAN

### VERSUS

### TOMMY BENASCO AND BENASCO CONSTRUCTION LLC

THERIOT, J., dissenting and assigning reasons.

The promissory note at issue in this matter provides, in pertinent part:

> In the event the holder must *take action to enforce any requirement of this note*, the maker hereby agrees to pay *all costs and fees expended by the holder*, including reasonable attorney's fees due or $1,000.00, whichever is greater. (emphasis added)

Clearly this provision of the note obligated Benasco to pay Lehman's costs and reasonable attorney's fees expended in filing suit on the note and securing a judgment for the amounts owed. When Benasco failed to pay and attempted to have the judgment on the note discharged in bankruptcy, Lehman had to take additional action and incurred additional attorney's fees and costs to enforce the payment of the amounts due on the note. I believe that these additional costs and fees are "all costs and fees expended by the holder" to enforce the note, and as such, Lehman was entitled to collect those amounts in a suit on the note. For this reason, I respectfully dissent.